[S.F. No. 24394. June 21, 1982.]

ROBERT WHITE, Plaintiff and Appellant, v.
COUNTY OF SACRAMENTO et al., Defendants and Respondents.

COUNSEL

David P. Mastagni and Richard J. Chiurazzi for Plaintiff and Appellant.

William H. Sortor, David P. Clisham and Carroll, Burdick & McDonough as Amici Curiae on behalf of Plaintiff and Appellant.

L. B. Elam, County Counsel, and Manuel E. Lopes, Deputy County Counsel, for Defendants and Respondents.

John W. Witt, City Attorney (San Diego), Ronald L. Johnson, Chief Deputy City Attorney, John M. Kaheny, Deputy City Attorney, Donald L. Clark, County Counsel (San Diego), Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and Arlene Prater, Deputy County Counsel, as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

**BIRD, C. J.**—Does the Public Safety Officers Procedural Bill of Rights Act (Bill of Rights Act) afford a peace officer, who is reassigned to a lower paying position based on his alleged deficient performance, a right to an administrative appeal?

### I.

The facts are not in dispute. Plaintiff, Robert White, is a deputy sheriff with the Sacramento County Sheriff's Department (Department). Defendants are the County of Sacramento, its civil service commission and its sheriff's department.

Under the Department's salary structure, deputy sheriffs who are assigned to certain more specialized positions, such as detective, are given the rank of corporal and a 5 percent special pay allowance. Plaintiff held such assignments from 1972 to 1980. He served in the detective division from 1975 to 1980.

In December of 1979, the Department told plaintiff that his performance was deficient and that he would be reassigned to the patrol division on or about January 13, 1980. As a result, he would lose both his rank and the special pay allowance.

Plaintiff sought a hearing before the Sacramento County Civil Service Commission, but his request was denied. Thereafter, he filed a petition for a writ of mandate to compel the commission to grant him a hearing. Relying on the Bill of Rights Act (Gov. Code, §§ 3300-3311),[1]

---

[1]All statutory references are to the Government Code unless otherwise indicated.

plaintiff contended that the Department could not reassign him to a lower paying position without affording him an administrative appeal, as provided in section 3304, subdivision (b) of the act.

The trial court denied his petition and this appeal followed.

## II.

■ The Bill of Rights Act sets forth a number of basic rights and protections which must be accorded individual public safety officers by the public agencies which employ them.[2] One of the basic protections is the right to an administrative appeal of punitive actions. Section 3304, subdivision (b), provides that "No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal." The sole question presented by this case is whether this right to an appeal extends to a public safety officer who is reassigned to a lower paying position because of his alleged deficient performance.[3]

Resolution of this question obviously turns on the definition of the term "punitive action." Plaintiff contends that his reassignment was a "demotion" and his loss of the special pay allowance a "reduction in salary" both of which, by definition, are punitive actions giving rise to a right of appeal under section 3304. Plaintiff relies upon section 3303 which defines "punitive action" as "any action which may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment."

Defendants contend, however, that the phrase "for purposes of punishment" qualifies each of the preceding terms, thereby precluding from the reach of the statute "demotions" or "reductions in salary" not imposed "for purposes of punishment." Since plaintiff's reassignment was imposed for deficient performance and not as punishment for mis-

---

[2]As used in the act, "public safety officer" refers to any person designated a peace officer by Penal Code sections 830.1 or 830.2, subdivisions (a) and (b). (§ 3301.) A deputy sheriff, "regularly employed and paid as such" is among those defined as peace officers under Penal Code section 830.1. ·

[3]It should be stressed that this case deals only with the availability of an administrative appeal where "punitive action" is taken against an individual officer. This case does not concern, for example, mass layoffs occasioned by a reduction of personnel due to budgetary constraints.

conduct, they contend that he is not entitled to a hearing under section 3304.

In order to adopt this proposed construction of section 3303, this court would have to violate the most fundamental rules of statutory construction and ignore the legislative history and the underlying policy of the Bill of Rights Act.

A longstanding rule of statutory construction—the "last antecedent rule"—provides that "qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote." (*Board of Port Commrs. v. Williams* (1937) 9 Cal.2d 381, 389 [70 P.2d 918]; accord *People v. Corey* (1978) 21 Cal.3d 738, 742 [147 Cal.Rptr. 639, 581 P.2d 644].) Applied here, the rule requires that the phrase "for purposes of punishment" be read to qualify only the word "transfer" and not the words "dismissal," "demotion," "suspension," "reduction in salary," and "written reprimand."

Further support for this reading is provided by the punctuation of the statute. (See *Estate of Coffee* (1941) 19 Cal.2d 248 [120 P.2d 661]; *Duncanson-Harrelson Co. v. Travelers Indemnity Co.* (1962) 209 Cal. App.2d 62 [25 Cal.Rptr. 718].) Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma. (*Board of Trustees v. Judge* (1975) 50 Cal. App.3d 920, 927-928, fn. 4 [123 Cal.Rptr. 830].)

Here, however, the phrase "for purposes of punishment" is *not* set off from the preceding terms by a comma. Instead, the entire phrase, "transfer for purposes of punishment," is set off from the preceding terms by a comma followed by the word "or." Such use of the word "or" in a statute indicates an intention to use it disjunctively so as to designate alternative or separate categories. (*Piet v. United States* (S.D.Cal. 1959) 176 F.Supp. 576; accord *People v. Smith* (1955) 44 Cal.2d 77 [279 P.2d 33].) Thus, application of the ordinary rules of statutory construction strongly suggests that the phrase "for purposes of punishment" was intended to modify only the term "transfer."

There are two exceptions to the "last antecedent rule," but on examination it quickly becomes apparent that neither is applicable here. The first exception provides that "'[w]hen several words are followed by a

clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all.'" (*Wholesale T. Dealers* v. *National etc. Co.* (1938) 11 Cal.2d 634, 659 [82 P.2d 3, 118 A.L.R. 486]; accord *People* v. *Corey, supra,* 21 Cal.3d 738, 742.)

Here, the phrase "for purposes of punishment" is *not* equally applicable to all the preceding terms. It would be redundant to provide for a "written reprimand" "for purposes of punishment." A reprimand, by definition, is a punishment, that is, a penalty. Accordingly, to read the statute as defendants suggest would violate the rule that "Interpretive constructions which render some words surplusage ... are to be avoided." (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].) "[E]very word, phrase and provision employed in a statute is intended to have meaning and to perform a useful function ...." (*Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 233 [273 P.2d 5]; *Prager* v. *Isreal* (1940) 15 Cal.2d 89 [98 P.2d 729].)

The second exception to the "last antecedent rule" provides that "[w]here the sense of the entire act requires that a qualifying word or phrase apply to several preceding wo[r]ds ..., [its application] will not be restricted ...." (2A Sutherland, Statutory Construction (4th ed. 1973) § 47.33, p. 159; see *People* v. *Knowles* (1950) 35 Cal.2d 175 [217 P.2d 1].) This is, of course, but another way of stating the fundamental rule that a court is to construe a statute "'so as to effectuate the purpose of the law'." (*Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 679 [131 Cal.Rptr. 789, 552 P.2d 749].) "Where a statute is theoretically capable of more than one construction [a court must] choose that which most comports with the intent of the Legislature." (*California Mfrs. Assn.* v. *Public Utilities Com., supra,* 24 Cal.3d at p. 844.)

In this case, the "sense" of the Bill of Rights Act does not require that the phrase "for purposes of punishment" be applied to each of the preceding terms in section 3303. While there can be no doubt that the act is concerned primarily with affording individual police officers certain procedural rights during the course of proceedings which might lead to the imposition of penalties against them (see, e.g., §§ 3303, 3305-3307, 3309), a "transfer" is the only personnel action listed in section 3303 which is not intrinsically disadvantageous to an officer. Each of the other personnel actions—"dismissal," "demotion," "suspension," "reduction in salary" and "written reprimand"—by definition result in

disadvantage, loss or hardship. They are by nature penalties, no matter for what reason imposed. A transfer need not be. Indeed, it is entirely possible that a transfer could be advantageous to an officer.

Further support for the view that the Legislature considered the other personnel actions listed in section 3303 as *per se* "disciplinary" or "punitive" in nature, without regard to the reason for which they are imposed, is provided by the State Civil Service Act. (§ 18500 et seq.) "Under general rules of statutory construction, [this court] may, in construing a statute, consider other statutes that might bear on the meaning of the statute at issue. [Citation.]" (*People v. Corey, supra*, 21 Cal.3d at p. 743.) In this regard, the State Civil Service Act is particularly germane.

This comprehensive act "invest[s] [civil service] employees with substantive and procedural protections against punitive actions by their superiors." (*Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194, 202 [124 Cal.Rptr. 14, 539 P.2d 774]; see §§ 19570-19588.) Among these is the right to a hearing. (§§ 19572, 19578; see also *Skelly v. State Personnel Bd., supra*, 15 Cal.3d at pp. 202-216.)

The term "punitive action" is defined in section 19570 as "dismissal, demotion, suspension, or *other disciplinary action.*" (Italics added.) "The [State Personnel] Board has defined 'other disciplinary action' to include, among other things, official reprimand and reduction in salary. [Citation.]" (*Skelly v. State Personnel Bd., supra*, 15 Cal.3d at p. 202, fn. 11.)

If the appointing authority decides to impose any such "disciplinary action" on an employee, he or she is entitled to an administrative appeal. (§§ 19575-19578.) It matters not in the least whether the reason for the punitive action is misconduct (see, e.g., § 19572, subds. (a), (d), (e), (f) and (g)), or "incompetency," or "inefficiency" (see § 19572, subds. (b) and (c)).

As regards transfers, the State Civil Service Act provides that an employee may protest a transfer, i.e., seek an administrative appeal, on the grounds that the transfer was ordered for the purpose of harassment or discipline. (Former §§ 19361, 19362, now §§ 19994.3, 19994.4.)

In sum, the provisions of the State Civil Service Act strongly support the conclusion that the Legislature intended, in the Bill of Rights Act,

to provide the right of administrative appeal to a peace officer against whom disciplinary action is taken, and that the Legislature viewed "dismissals," "demotions," "suspensions," "reductions in salary" and "written reprimands" to be per se disciplinary in nature. A transfer, however, is "disciplinary" in nature only if imposed "for purposes of punishment."[4]

Finally, this construction of sections 3303 and 3304, subdivision (b) accords with the express purpose of the Bill of Rights Act.[5] Section 3301 declares that the act's "rights and protections" are afforded peace officers in order to assure the "maintenance of stable employer-employee relations," and thus to secure "effective law enforcement . . . services" for "all people of the state." It is evident that the more widely available the opportunity to appeal a decision resulting in disadvantage, harm, loss or hardship, the more "'meaningful [the] hedge against erroneous action'." (*Skelly v. State Personnel Bd., supra*, 15 Cal.3d 194, 210.)

Erroneous action can only foster disharmony, adversely affect discipline and morale in the workplace, and, thus, ultimately impair employer-employee relations and the effectiveness of law enforcement services. With regard to the availability of the right of administrative appeal, the interpretation to which the ordinary rules of statutory construction leads is also the one which is most consonant with the express purpose of the Bill of Rights Act.

Accordingly, this court holds that a decision to reassign a peace officer to a lower paying position is per se disciplinary, or punitive in

---

[4]The provisions of the State Civil Service Act also strongly suggest that the right to an administrative appeal provided by section 3304 of the Bill of Rights Act does not apply where police officers are laid off as part of a mass reduction in personnel due, for example, to budgetary constraints. By its terms section 3303 does not include "layoffs" within the definition of "punitive action." The same is true of the comparable provision of the State Civil Service Act (see § 19570). Under that act, a civil service employee has a limited right to appeal a layoff but that right arises under an entirely separate section (former § 19541, now § 19997.14). No corollary to this right appears in the Bill of Rights Act.

[5]It also finds implicit support in the legislative history of section 3304, subdivision (b). The Bill of Rights Act grew out of Assembly Bill No. 301 which was introduced on December 19, 1974. The bill did not originally provide for the right to an administrative hearing. The bill was amended by the Assembly on April 29, 1975, to extend such right only for dismissals, demotions and denials of promotion. The bill was amended in conference on August 12, 1976, just prior to its enactment, to increase the types of personnel actions which would be appealable to include all of those now set forth in the statute.

nature, and that the officer therefore must be accorded the "opportunity for [an] administrative appeal." (§ 3304, subd. (b).)[6]

## III.

For the reasons set forth above, the judgment is reversed and the case remanded for further proceedings consistent with this opinion. Plaintiff shall recover his costs on appeal.

Mosk, J., Richardson, J., Newman, J., Kaus, J., Broussard, J., and Grodin, J.,* concurred.

---

[6]It should be noted that the parties to this appeal have not raised the question of the "timing" of the "opportunity for administrative appeal" provided by section 3304, subdivision (b). *Doyle* v. *City of Chino* (1981) 117 Cal.App.3d 673, 678-680 [172 Cal.Rptr. 844] held that the right does not arise until a decision to take punitive action is made. That court rejected the notion that the right arises upon the taking of any action which might lead to punitive action. (See § 3303 [set out *ante*, at pp. 681-682.)

*Butler* v. *County of Los Angeles* (1981) 116 Cal.App.3d 633, 640 [172 Cal.Rptr. 244] held that "subdivision (b) of section 3304 requires a public agency to make [an appeal] available to public safety officers ... but the appeal need not be completed prior to implementation of a punitive action."

*Assigned by the Chairperson of the Judicial Council.