Opinion
CORRIGAN, J.
This litigation arises out of the failure of Executive Life Insurance Company (Executive Life) and resultant losses suffered by participants in two Unisys Corporation 401(k) plans that had invested in *636 Executive Life guaranteed investment contracts. The specific question on appeal is whether the California Life and Health Insurance Guarantee Association Act[1] (the Act) excludes from its coverage all guaranteed investment contracts. Respondent California Life and Health Insurance Guarantee Association (CLHIGA) contends that it does.[2] Appellant Unisys Corporation (Unisys) asserts that the Act excludes only those guaranteed investment contracts that are “unallocated annuity contracts” within the meaning of the Act.
We hold that the Act, by its plain language, excludes all guaranteed investment contracts from coverage. We therefore affirm the grant of summary judgment in favor of CLHIGA.

Background

A guaranteed investment contract, or GIC, is an investment device. Pursuant to the terms of the investment contract, the purchaser deposits a premium with the issuer and, in return, is paid a guaranteed rate of interest for a specified period. At the end of the contract period, the issuer, in this case Executive Life, repays the purchaser’s premium. (In re Unisys Sav. Plan Litigation (3d Cir. 1996) 74 F.3d 420, 426.) It is undisputed for purposes of this appeal that the GIC’s in question are group annuity contracts within the meaning of the Act.
In 1987 and 1988, the trustee of the Unisys plans purchased four separate GIC’s from Executive Life. The claimed value of the Executive Life GIC’s as of March 31, 1991, was approximately $178 million.
In 1990, the Legislature enacted the predecessor of the Act, the California Life Insurance Guaranty Association Act. (Former §§ 1067-1067.18 as enacted by Stats. 1990, ch. 1356, § 1, pp. 5970-5987.) In 1993, that act was repealed, reenacted with various changes, and given its current name.[3] (§ 1067 as enacted by Stats. 1993, ch. 974, § 1.7.) The stated purpose of the statutory scheme, as originally enacted and in its current form, is to provide certain limited guarantees for beneficiaries, holders, assignees, or payees of *637 life insurance policies and annuity contracts in the event the issuing insurer becomes insolvent or is otherwise unable to fulfill its contractual obligations.[4] (§§ 1067.01, subd. (a), 1067.04, subds. (f), (h).)
Executive Life was seized by the Insurance Commissioner in 1991, and insolvency proceedings began.[5] It defaulted on millions of dollars in principal and interest due on the four Unisys GIC’s. In the wake of Executive Life’s failure, Unisys brought this action to obtain declaratory and equitable relief requiring CLHIGA to provide coverage under the Act. CLHIGA moved for, and was granted, summary judgment. The trial court ruled that the Executive Life contracts were excluded from coverage by statute on the dual grounds that they were both unallocated annuity contracts and GIC’s. This appeal followed.

Discussion

I. Summary Judgment
Summary judgment is proper only if the suit presents no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) On appeal from a grant of summary judgment, the trial court’s determination of a question of law is subject to independent review. (Ruoff v. Harbor Creek Community Assn. (1992) 10 Cal.App.4th 1624, 1627 [13 Cal.Rptr.2d 755]; Wu v. Interstate Consolidated Industries (1991) 226 Cal.App.3d 1511, 1514 [277 Cal.Rptr. 546].)
II. The Act Expressly Excludes All GIC’s From Coverage
Statutory interpretation is a question of law. (Ruoff v. Harbor Creek Community Assn., supra, 10 Cal.App.4th at p. 1629.) Here, clear statutory language compels the conclusion that the Legislature intended to exclude all GIC’s from coverage under the Act.
Section 1067.02, subdivision (b)(1) outlines the policies, annuity contracts, and certificates covered under the Act. “This article shall provide *638 coverage to [specified persons] for direct, nongroup life, health,, annuity, and supplemental policies or contracts and for certificates under direct group life, health, annuity, and supplemental policies and contracts, except as limited by this article. Annuity contracts and certificates under group annuity contracts include, but are not limited to, structured settlement agreements, allocated annuity contracts, and any immediate or deferred annuity contracts, and unallocated annuity contracts except those expressly excluded pursuant to subparagraph (D) of paragraph (2) of this subdivision.” (Italics added.)
Section 1067.02, subdivision (b)(2) sets forth the limitations on coverage alluded to in subdivision (b)(1). In relevant part, it states: “This article shall not provide coverage for any of the following: [¶] . . . [¶] (D) Guaranteed investment contracts, guaranteed interest contracts, funding agreements, deposit administration contracts, and all other unallocated annuity contracts . . . (Italics added.) GIC’s are, thus, expressly excluded from coverage. The Legislature would have been hard pressed to make this point more clearly.
Unisys concedes, for purposes of this appeal, that the contracts at issue here are GIC’s within the meaning of the Act. It argues, however, that section 1067.02, subdivision (b)(2)(D) does not exclude from coverage all GIC’s, but only those that are also “unallocated annuity contracts.”[6] This is because “[i]f the word ‘other’ in Section 1067.02(b)(2)(D) is accorded any significance, as it must be, it is only ‘unallocated’ GIC’s which are expressly excluded from coverage. Therefore, even if the four Executive Life contracts are GIC’s, they are excluded from coverage only if they are ‘unallocated.’ If a GIC is ‘allocated,’ it is clearly covered under Section 1067.02(b)(1) because all allocated annuity contracts are covered without exception.” (Original italics.)
The argument fails with its premise that the Legislature did not mean what it said when it listed GIC’s among the items specifically excluded from *639 coverage. In interpreting a statute, “ ‘ “[t]he court turns first to the words themselves for the answer.” [Citation.] We are required to give effect to statutes “according to the usual, ordinary import of the language employed in framing them.” [Citations.] “If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.” [Citation.] “[A] construction making some words surplusage is to be avoided.” [Citation.]’ [Citation.]” (Woosley v. State of California (1992) 3 Cal.4th 758, 775-776 [13 Cal.Rptr.2d 30, 838 P.2d 758], final brackets added; Ruoff v. Harbor Creek Community Assn., supra, 10 Cal.App.4th at p. 1629.)
Unisys’s construction is a remarkably convoluted way for the Legislature to make a point that could readily be stated with utmost clarity. Had the Legislature intended to limit its exclusion of GIC’s to those that are unallocated, it certainly could have said so. The statutory language, however, supports a much more straightforward interpretation. Taken in its usual, ordinary sense, the Act excludes all GIC’s, unallocated or otherwise. In addition, it excludes all other annuity contracts that are unallocated. Nothing in the statutory language suggests that the general exclusion of unallocated contracts was intended as qualifying the explicit exclusion of GIC’s.[7] Moreover, Unisys’s interpretation runs afoul of the rules of statutory interpretation in reducing to surplusage the specific reference to GIC’s. Had the Legislature meant to exclude only unallocated GIC’s from coverage, there would be no point in including GIC’s as well as “all other unallocated annuity contracts” in its list of excluded financial products.[8]
Unisys’s remaining argument is no more persuasive. It maintains section 1067.02, subdivision (b)(1) “expressly extends coverage to all allocated contracts, and excepts from coverage only unallocated contracts. . . .” (Italics added.) As we understand the argument, Unisys contends the exception *640 for GIC’s contained in section 1067.02, subdivision (b)(2)(D) applies only to unallocated contracts because subdivision (b)(1) references that exception only in relation to unallocated contracts: “Annuity contracts and certificates under group annuity contracts include, but are not limited to, structured settlement agreements, allocated annuity contracts, and any immediate or deferred annuity contracts, and unallocated annuity contracts except those expressly excluded pursuant to subparagraph (D) of paragraph (2) of this subdivision.” (§ 1067.02, subd. (b)(1), italics added.) The reasoning is unpersuasive. One could posit that the italicized language qualifies only “unallocated annuity contracts,” the phrase immediately preceding it. (See White v. County of Sacramento (1982) 31 Cal.3d 676, 680-681 [183 Cal.Rptr. 520, 646 P.2d 191].) Under that view, subdivision (b)(l)’s definition of “annuity contracts” would include all allocated annuity contracts. That does not mean, however, that all allocated annuity contracts are covered. To the contrary, the first sentence of subdivision (b)(1) expressly contemplates coverage of annuity contracts or policies, without reference to allocation, “except as limited by this article.” (Italics added.) Section 1067.02, subdivision (b)(2)(D) provides the pertinent limitation. Assuming arguendo that the Executive Life GIC’s could be classified as allocated annuity contracts, they fall within the express exception for GIC’s thus anticipated in section 1067.02, subdivision (b)(1) and set forth in subdivision (b)(2)(D).
Unisys suggests that only its analysis is congruent with the legislative directive to construe the Act liberally to effect its remedial purpose. (See § 1067.03.) The rule of liberal construction does not permit us to stand clear statutory language on its head. We conclude the Act excludes from coverage all GIC’s, whether allocated or unallocated. Accordingly, we do not reach Unisys’s further contention that the trial court erred in finding, as a matter of law, that the GIC’s at issue are unallocated annuity contracts within the meaning of the Act. Nor need we dwell at any length on Unisys’s assertion that the order granting summary judgment fails to refer to the evidence demonstrating a lack of any triable issue of fact. (See Code Civ. Proc., § 437c, subd. (g).) First, the ruling that GIC’s are excluded by operation of statute is a conclusion of law not dependent on an evidentiary basis. Second, even assuming such a deficiency, reversal would not be required. (Goldrich v. Natural Y Surgical Specialties, Inc. (1994) 25 Cal.App.4th 772, 782 [31 Cal.Rptr.2d 162]; Ruoff v. Harbor Creek Community Assn., supra, 10 Cal.App.4th at pp. 1627-1628; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1997) ¶ 10:331:9, p. 10-103.) “ ‘It is the validity of the ruling which is reviewable and not the reasons therefor.’ ” (Ruoff v. Harbor Creek Community Assn., supra, at p. 1628.)

*641
Disposition

The judgment is affirmed.
Phelan, P. J., and Parrilli, J., concurred.
A petition for a rehearing was denied May 21, 1998, and the opinion was modified to read as printed above. Appellant’s petition for review by the Supreme Court was denied August 12, 1998. Kennard, J., was of the opinion that the petition should be granted.

Insurance Code sections 1067-1067.18. Unless otherwise noted, all further statutory references are to the Insurance Code.

Also forwarding this position is amicus curiae National Organization of Life and Health Insurance Guaranty Associations.

Because the differences between the 1990 and 1993 provisions are immaterial to our analysis, we need not decide here which version applies. Adopting the practice of both parties in their appellate briefs, we shall assume for purposes of discussion that the dispute is governed by the Act in its current incarnation. Accordingly, our statutory references, unless otherwise noted, are to the 1993 enactment.

The Act empowers CLHIGA to assess its member insurers to provide funds for these purposes. (§§ 1067.01, subd. (b), 1067.08.)

For general background on the Executive Life insolvency, see In re Executive Life Ins. Co. (1995) 32 Cal.App.4th 344 [38 Cal.Rptr.2d 453], For a detailed discussion of Unisys’s involvement in the Executive Life insolvency, see In re Unisys Sav. Plan Litigation, supra, 74 F.3d at pages 425-432.

An unallocated annuity contract is defined as “any annuity contract or group annuity certificate which is not issued to and owned by an individual, except to the extent of any annuity benefits guaranteed to an individual by an insurer under that contract or certificate, and except to the extent allowed in subparagraph (D) of paragraph (2) of subdivision (b) of Section 1067.02.” (§ 1067.04, subd. (o).) Considerable argument below and on appeal is devoted to whether the Executive Life GIC’s are, as a matter of law, “unallocated” and, as such, excluded even under Unisys’s interpretation of section 1067.02, subdivision (b)(2). We are aware of authority from other jurisdictions bearing on this issue. (See, e.g., Bennet v. VA Life, Acc. & Sickness Ins. (1996) 251 Va. 382 [468 S.E.2d 910]; Oklahoma Life & Health v. Hilti Retirement (Okla. 1997) 939 P.2d 1110.) In light of our conclusion that all GIC’s are excluded from coverage whether allocated or not, we need not and do not reach that further question. From the same reason, we do not decide whether the GIC’s are to any extent excluded from the Act’s definition of unallocated annuity contracts because they assertedly guarantee benefits to individuals.

By way of a simple analogy, we posit a statute that excludes from coverage “cars, motorcycles, vans, . . . and all other red vehicles.” This language, taken in its usual, ordinary sense, plainly excludes the specifically identified objects, no matter what color, as well as all red vehicles. It would take a feat of rhetorical acrobatics to interpret the phrase “and all other red vehicles” as limiting the express exclusion of cars to only red cars. Unisys’s construction suffers the same flaw.

This point assumes, as Unisys maintains, that some GIC’s are in fact allocated or, at least, are not “unallocated” within the meaning of the Act. Another plausible interpretation of the statutory language is that the Legislature viewed all GIC’s as a category of unallocated annuity contracts and, taking a “belt and suspenders” approach, excluded them both specifically by name and genetically by the term “unallocated annuity contracts.” This is the position taken by NOLHGA. Under this view, of course, Unisys’s position that its GIC’s are covered because they are allocated would necessarily fail.