**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAMMIE DAVIS, individually and on behalf of all others similarly situated, *Plaintiff-Appellant*, <br><br> v. <br><br> DEVANLAY RETAIL GROUP, INC., a Delaware corporation, *Defendant-Appellee*. | No. 13-15063 <br><br> D.C. No. 2:11-cv-01719-KJM-CKD <br><br> ORDER CERTIFYING A QUESTION TO THE CALIFORNIA SUPREME COURT |

Filed May 5, 2015

Before: Consuelo M. Callahan, Milan D. Smith, Jr., and Paul J. Watford, Circuit Judges.

Per Curiam Order

## SUMMARY[*]

**Certification to the California Supreme Court**

The panel certified the following question to the California Supreme Court:

Does section 1747.08 of the California Civil Code prohibit a retailer from requesting a customer's personal identification information at the point of sale, after a customer has paid with a credit card and after the cashier has returned the credit card to the customer, if it would not be objectively reasonable for the customer to interpret the request to mean that providing such information is a condition to payment by credit card?

## ORDER

PER CURIAM:

This appeal requires us to resolve whether the Song-Beverly Credit Card Act (Song-Beverly) prohibits a retailer from requesting a customer's personal identification information (PII) at the point of sale after the customer has paid with a credit card, even if it would not be objectively reasonable for the customer to construe the request to mean that providing PII is required to pay by credit card. The

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

answer to this question could have a significant impact on the practices of thousands of California retailers, as a broad construction of Song-Beverly could prohibit many retailers' practice of requesting PII from customers immediately after they have completed a credit card transaction. We find no controlling precedent in the decisions of the California Supreme Court or Courts of Appeal, *see* Cal. R. Ct. 8.548(a)(2), and find the statute's language and legislative history ambiguous. For these reasons, we think it appropriate that the state court of last resort be given an opportunity to resolve the question in the first instance.

We therefore respectfully ask the Supreme Court of California to exercise its discretion to decide the certified question set forth in Part I of this order.

## I.  Certified Question

Pursuant to Rule 8.548 of the California Rules of Court, we request that the California Supreme Court answer the following question of state law:

> Does section 1747.08 of the California Civil Code prohibit a retailer from requesting a customer's personal identification information at the point of sale, after a customer has paid with a credit card and after the cashier has returned the credit card to the customer, if it would not be objectively reasonable for the customer to interpret the request to mean that providing such information is a condition to payment by credit card?

The Court may reformulate our question, and its exposition of the issues involved should not be limited by the question's phrasing. Cal. R. Ct. 8.548(f)(5). We will accept and follow the Court's decision. Cal. R. Ct. 8.548(b)(2).

## II. Background

The Appellant, Tammie Davis, visited a Roseville, California retail clothing store owned by the Appellee, Devanlay Retail Group, Inc. (Devanlay), on April 2, 2010. She brought an item to the cash register for purchase and provided her credit card to the cashier. As Davis was placing her credit card back in her purse, the cashier asked her "What's your [zip] code?" Davis did not recall whether she had received her receipt when the request was made.

Davis filed a putative class action against Devanlay in the Superior Court of California, County of Placer. Davis alleged that Devanlay violated Song-Beverly, California Civil Code § 1747.08, by requesting and recording the PII of its retail customers who pay with credit cards. Devanlay removed the case to the Federal District Court for the Eastern District of California on June 27, 2011.

Devanlay moved for summary judgment on June 5, 2012. The district court granted summary judgment in favor of Devanlay on October 17, 2012. *Davis v. Devanlay Retail Group, Inc.*, No. 11-CV-01719-KJM-CKD, 2012 WL 6589205 (E.D. Cal. Dec. 17, 2012) (unpublished). The district court reasoned that, under Song-Beverly, "[t]he permissibility of a retailer's request for a customer's personal information turns on 'whether a consumer would *perceive* the store's 'request' for information as a 'condition' of the use of a credit card.'" *Id*. at *3 (quoting *Florez v. Linens 'n Things,*

*Inc.*, 108 Cal. App. 4th 447, 451 (2003)). The court therefore evaluated Devanlay's policy "under an objective standard." *Id*. at *4. The district court found that "[v]iewed objectively, Devanlay's policy of waiting until the customer has her receipt in hand conveys that the transaction has concluded and that providing a zip code is not necessary to complete the transaction." *Id*.

A timely appeal to this court followed, raising the question of California law described in Part I.

## III.    Explanation of Request for Certification

The Song-Beverly Credit Card Act "prohibits businesses from requesting that cardholders provide 'personal identification information' during credit card transactions, and then recording that information." *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524, 527 (2011). The Act provides, in pertinent part:

> no person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:
>
> [. . .]
>
> Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records

> upon the credit card transaction form or
> otherwise.

Cal. Civ. Code § 1747.08(a)(2)).

The district court in this case interpreted Song-Beverly to prohibit a retailer from requesting PII only if an objectively reasonable consumer would perceive the request to mean that providing PII was necessary to complete a credit card transaction. 2012 WL 6589204, at \*4. Several other district courts in California have also interpreted Song-Beverly to require an objective consumer perception test.[1] The Appellant, by contrast, interprets the statute to forbid retailers

---

[1] *See Gossoo v. Microsoft Corp.*, No. 13-CV-2043-SVW, 2013 WL 5651271, at \*4 (C.D. Cal. Oct. 9, 2013) (unpublished) ("[L]iability under the Act depends on whether a reasonable customer would perceive the sales associate's request for PII as a 'condition' on using a credit card . . . ."); *Dean v. Dick's Sporting Goods, Inc.*, No. 12-CV-7313-FMO-MANx, 2013 WL 3878946, at \*5 (C.D. Cal. July 26, 2013) (unpublished) ("[W]here a reasonable consumer would not perceive the request for PII as a condition to completing the transaction, there is no liability under the Act."); *Yeoman v. Ikea U.S. West, Inc.*, No. 11-CV-701-WQH-BGS, 2012 WL 1598051, at \*8 (S.D. Cal. May 4, 2012) ("A court applies an objective test to determine whether a retailer's request for personal identification information would be perceived as a condition of credit card payment."); *Gormley v. Nike Inc.*, No. 11-CV-893-SI, 2013 WL 322538, at \*7 (N.D. Cal. Jan. 28, 2013) (unpublished) ("[T]he Court will apply an objective standard to determine whether Nike's policy for requesting ZIP codes would be perceived as a condition of credit card payment . . . ."); *Gass v. Best Buy Co.*, 279 F.R.D. 561, 570 (C.D. Cal. 2012) ("If the customer reasonably perceives the request for PII as a condition of completing the credit card transaction, the Act has been violated."); *Juhline v. Ben Bridge Jeweler, Inc.*, No. 11-CV-2906-WQH-NLS, 2012 WL 3986316, at \*5 (S.D. Cal. Sept. 11, 2012) (unpublished) ("A court applies an objective test to determine whether a retailer's request for personal identification information would be perceived as a condition of credit card payment.").

from requesting PII at the point of sale when the customer pays by credit card, regardless of whether a customer would reasonably perceive the request as announcing a condition of payment by credit card. The California Supreme Court has not addressed this issue. We find support for both the district court's and the Appellant's interpretations in the decisions of California's Courts of Appeal, as well as in the statute's language and legislative history.

District courts that have applied an objective consumer perception test in Song-Beverly cases have relied primarily on the California Court of Appeal's decision in *Florez v. Linens 'n Things*, 108 Cal. App. 4th 447 (2003). It is ambiguous whether *Florez* endorses such a test; the case could also plausibly be read to hold that Song-Beverly prohibits all requests for PII "in conjunction with" credit card transactions.

*Florez* held that Song-Beverly prohibits a retailer from requesting PII at the point of sale before the customer has announced his or her preferred payment method. *Id*. at 453. In interpreting the language of Song-Beverly, the court observed:

> [former] section 1747.8 is a consumer protection statute, and the retailer's request for personal identification information must be viewed from the customer's standpoint. In other words, the retailer's unannounced objective intent is irrelevant. What does matter is whether a consumer would *perceive* the store's "request" for information as a "condition" of the use of a credit card.

>   Viewed from this perspective, we think there is nothing ambiguous or unclear about the statute.  By its plain language, it prohibits a "request" for personal identification information in conjunction with the use of a credit card.

*Id*. at 451 (citation omitted).  District courts have interpreted this portion of *Florez* to mean that Song-Beverly prohibits requests for PII only if they could *reasonably* be perceived as a condition to completing a credit card transaction.  But we also find it plausible that the passage means Song-Beverly prohibits requests for PII that are "in conjunction with the use of a credit card," and that the case does not define precisely when a request is in conjunction with the use of a credit card. Is a request for PII "in conjunction with the use of a credit card" if it comes immediately after an employee returns a customer's credit card?

We note that the *Florez* court does not appear to have actually applied an objective test in deciding the case.  The cashier in *Florez* asked the customer for her phone number *before* the customer announced she was paying by credit card. *Id*. at 449.  It is not obvious that a consumer would reasonably believe that such a request had anything to do with her credit card when she had not yet signaled an intention to pay by credit card.  But the court nonetheless held that Song-Beverly prohibits pre-tender requests for PII, without addressing whether it would be objectively reasonable for a consumer to interpret such a request to mean that providing PII is a condition to payment by credit card.

We also note that the *Florez* court explicitly rejected the defendant's argument that "[former] section 1747.8 allows a

retailer to request consumer telephone numbers before the manner of payment is known because the timing of the request eliminates any concern that the provision of such information is a condition of credit card payment." *Id*. at 453. The court reasoned:

> As evidenced by the 1991 amendment, section 1747.8 is designed to prevent a "request" for personal information, because a customer *might* perceive that request as a condition of credit card payment. In effect, the 1991 amendment prevents a retailer from making an end-run around the law by claiming the customer furnished personal identification data "voluntarily." In fact, the Enrolled Bill Report of the California Department of Consumer Affairs, Assembly Bill No. 1477 (1991–1992 Reg. Sess.), specifically addressed this problem, noting "[t]his bill would prohibit requesting or requiring that information." As we read it, the legislative intent suggests the 1991 amendment simply clarified that a "request" for personal identification information was prohibited if it immediately preceded the credit card transaction, *even if the consumer's response was voluntary and made only for marketing purposes*.

*Id*. (emphases added). This passage cuts against interpreting *Florez* to endorse an objective consumer perception test. The passage suggests instead that Song-Beverly prohibits requests for PII that a consumer *might* interpret as a condition to

payment by credit card, even if it would not be objectively reasonable to do so.

The ambiguous language of the statute itself offers little guidance about whether courts should apply an objective consumer perception test.  The relevant portion of section 1747.08(a) states that businesses that accept credit cards shall not "[r]equest, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information . . . ."  The statute's punctuation makes it ambiguous whether the clause "as a condition to accepting the credit card as payment" modifies "request" in addition to modifying "require."  If it does modify "request," this would support the Appellee's position that Song-Beverly only forbids a request for PII if the request could lead a consumer to reasonably believe that providing PII is a condition to payment by credit card.  If the clause does not modify "request," the plain meaning of the statute would appear to broadly prohibit a retailer from requesting PII when a customer pays by credit card.

This latter interpretation finds some support in the plain language of the statute.  In *White v. County of Sacramento*, 31 Cal. 3d 676 (1982), the California Supreme Court interpreted a statute with a very similar grammatical structure to the disputed portion of Song-Beverly.  The statute in *White* defined "punitive action" as "any action which may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer *for purposes of punishment*."  *Id.* at 679 (emphasis added).  The defendants argued that the clause "for purposes of punishment" modified all of the preceding categories, including "demotion."  *Id.*  The court rejected this

interpretation because it violated "the most fundamental rules of statutory construction . . . ." *Id.* at 680.

The court in *White* applied a rule of construction called the last antecedent rule. Under the rule, "qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote." *Id.* (quoting *Bd. of Port Comm'rs v. Williams*, 9 Cal. 2d 381, 389 (1937)) (internal quotation marks omitted). As applied in *White*, "the rule require[d] that the phrase 'for purposes of punishment' be read to qualify only the word 'transfer' and not the words 'dismissal,' 'demotion,' 'suspension,' 'reduction in salary,' and 'written reprimand.'" *Id.* As applied here, the rule of antecedents suggests that the clause beginning "as a condition" only modifies "require," not "request."

The court in *White* also examined the punctuation of the statute. It reasoned that where an entire phrase is set off from preceding terms with a comma followed by the word "or," it "indicates an intention to use it disjunctively so as to designate alternative or separate categories." *Id.* at 680. Here, "request" is set apart from "or require as a condition to accepting the credit card as payment" by a comma. This would normally indicate that the clause "as a condition to accepting the credit card as payment" does not modify "request."[2] *See id.*

---

[2] If the clause were meant to modify both "request" and "require," the more natural punctuation would be: "[r]equest or require, as a condition to accepting the credit card as payment . . . ." *See White*, 31 Cal. 3d at 680 ("Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma.").

While the reasoning in *White* appears to support the Appellant's construction of Song-Beverly's plain language, California Courts of Appeal have not applied the last antecedent rule in interpreting the disputed portion of the statute. In *Absher v. AutoZone, Inc.*, a California Court of Appeal held that section 1747.08(a) did not apply to a refund for the return of merchandise purchased by credit card. 164 Cal. App. 4th 332, 335 (2008). The court explicitly interpreted subdivision (a)(1) to "prohibit[] merchants from *requesting or requiring* credit card customers to write personal identification information on a credit card form *as a condition precedent to accepting payment by credit card*." *Id*. at 343 (emphases added). The plaintiff in *Absher* urged the court to apply the last antecedent rule, arguing that:

> the placement of the commas indicates that the qualifying phrase "as a condition to accepting the credit card as payment" applies only to "require," not to "request." Therefore, under this punctuation-based interpretation, subdivisions (a)(1) and (a)(2) prohibit a merchant from requesting that a customer provide personal information on a card form in connection with *any* credit card transaction . . . because a request for such information is not subject to the phrase "as a condition to accepting payment in full or in part for goods and services."

*Id*. at 344. The court rejected this interpretation, finding that it would produce a number of anomalous results. *Id*. at 344–45. *Absher* thus counsels against interpreting Song-Beverly in the way its text alone suggests it should be interpreted.

Song-Beverly's legislative history is also inconclusive. As originally enacted, Song-Beverly did not contain section 1747.08 or an analogous provision. *Pineda*, 51 Cal. 4th at 534–35. Former section 1747.8 was enacted in 1990 as "a response to two principal privacy concerns":

> [F]irst, that with increased use of computer technology, very specific and personal information about a consumer's spending habits was being made available to anyone willing to pay for it; and second, that acts of harassment and violence were being committed by store clerks who obtained customers' phone numbers and addresses.

*Florez*, 108 Cal. App. 4th at 452. The 1990 version of the Act only forbade businesses from "requir[ing] the cardholder, as a condition to accepting the credit card, to provide personal identification information . . . ." *Pineda*, 51 Cal. 4th at 535. It did not explicitly prohibit "requests" for such information. Thus, at least in 1990, the Legislature's intent was "to protect consumers . . . [by] prohibit[ing] businesses from 'requiring information that merchants, banks or credit card companies do not require or need.'" *Id*. The 1990 version of the Act appears to have been aimed at preventing retailers from collecting personal information *under the false pretense* that the information was required to complete a credit card transaction. This provides some support for interpreting the Act to prohibit only those requests for PII that consumers could reasonably construe as a condition to payment by credit card.

However, "[i]n 1991, the provision was broadened, forbidding businesses from '*request[ing]*, or requir[ing] as a

condition to accepting the credit card . . . , the cardholder to provide personal identification information . . . .'" *Id*. The 1991 amendment was intended to "prevent[] a retailer from making an end-run around the law by claiming the customer furnished personal identification data 'voluntarily,'" and "to prevent retailers from 'requesting' personal identification information and then matching it with the consumer's credit card number." *Florez*, 108 Cal. App. 4th at 453. If these were indeed the purposes of the 1991 amendment, it would be somewhat unusual if the Act only prohibited pre-tender requests, since post-tender requests would also enable the retailer to match PII with credit card information.

We note that the legislative history is also inconclusive regarding whether the clause "as a condition to accepting the credit card as payment" was intended to modify "request." On one hand, the Senate Committee on the Judiciary Analysis of Assembly Bill No. 1477 explained that the 1991 bill "would clarify that persons may neither require *nor request,* as a condition to accepting the credit card, the taking or recording of personal identification information from the cardholder." *Id*. at 451. If the Act had been drafted this way, the clause beginning "as a condition . . ." would clearly modify both "require" and "request." On the other hand, the Legislative Counsel's Digest of the 1991 amendment states: "[t]his bill would provide that the merchant in such a transaction may neither request personal identification information, nor require that information as a condition to acceptance of the card . . . ." *Id.* at 453 n.5. This suggests that the 1991 Amendment was meant instead to prohibit all requests for PII at the point of sale if a customer uses a credit card, because the clause "request personal identification information" is set off by a comma from "nor require that information as a condition to acceptance of the card."

Because we find no controlling precedent, and because the meaning of the statute is ambiguous, we are uncertain whether the district courts are correctly applying California law in construing Song-Beverly to require an objective test of consumer perceptions. We therefore respectfully request that the California Supreme Court answer the question described in Part I.

## IV.    Administrative Information

The Appellant, Tammie Davis, should be deemed the petitioner if the California Supreme Court accepts this request. Cal. R. Ct. 8.548(b)(1).

The names and addresses of counsel are as follows:

Counsel for Plaintiff-Appellant Tammie Davis:

> Gene J. Stonebarger
> Stonebarger Law, A Professional Corporation
> 75 Iron Point Circle, Suite 145
> Folsom, CA 95630

> James R. Patterson
> Patterson Law Group, A Professional Corporation
> 402 W. Broadway, 29th Floor
> San Diego, CA 92101

Counsel for Defendant-Appellee Devanlay Retail Group, Inc.:

> Matthew R. Orr, Scott R. Hatch, Melinda Evans
> Call & Jensen, A Professional Corporation
> 610 Newport Center Drive, Suite 700
> Newport Beach, CA 92660

The clerk of this court shall submit to the California Supreme Court, under seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, as well as an original and ten copies of this order, with a certificate of service on the parties. *See* Cal. R. Ct. 8.548(c), (d).

This case is withdrawn from submission. Further proceedings before us are stayed pending the California Supreme Court's decision. The parties shall notify the clerk of this court within seven days after the California Supreme Court accepts or declines this request, and again within seven days if the California Supreme Court issues a decision. The panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**