Filed 9/3/24  Molina v. Nguyen CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PHILLIP MOLINA, as City Treasurer, etc.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ALEXANDER NGUYEN, as City Manager, etc. et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B327286<br>(Super. Ct. No. 56-2020-00541689-CU-PT-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on August 7, 2024, be modified as follows:

1. On page 2, the last sentence of the first full paragraph, the word "Counsel" is changed to "Council."

2. On page 3, the sentence immediately preceding the "FACTS" section, the word "court's" is inserted between the words "trial" and "reasoning" so that the sentence reads:

We offer our analysis of the trial court's reasoning for possible review.

3.  On page 4, the first sentence under the "*II. Background*" section, the word "the" is inserted between the words "under" and "general" so that the sentence reads:

Cities are classified as "general law cities" – cities organized under the general law of California – or "charter cities" – cities organized under a charter.

4. On page 6, the first full paragraph, both references to "section 41007" are changed to "section 41607."

5. On page 7, the first sentence of the first full paragraph, the word "it" is changed to "is."

6. On page 9, the last sentence of the fourth full paragraph, the word "counsel" is changed to "Council."

There is no change the judgment.

Respondents' petition for rehearing is denied.

_____

GILBERT, P. J.               YEGAN, J.               BALTODANO, J.

Filed 8/7/24  Molina v. Nguyen CA2/6 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PHILLIP MOLINA, as City Treasurer, etc.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ALEXANDER NGUYEN, as City Manager, etc. et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B327286<br>(Super. Ct. No. 56-2020-00541689-CU-PT-VTA)<br>(Ventura County) |

The City of Oxnard (City) is locked in a dispute with its elected treasurer, Phillip Molina.  The City abolished his "administrative duties" and took other actions to diminish the duties of his office and substantially reduce his compensation. Molina petitioned the trial court for a writ of mandate to void the City's actions, alleging the actions violated sections of the

Government Code[1] that govern the treasurer's duties in general law cities. The court denied the petition. We reverse.

*Some History for Context*

At one time, Molina was an employee for the City. He served as the Director of Finance and Administrative Services. The City fired him. The parties disagreed on the reasons for his termination. Molina asserts the City fired him for statements he made that "raised the possibility that members of the Oxnard City Counsel engineered a 'sweetheart deal' with favored contractors at taxpayers' expense." (*Molina v. Board of Administration, etc.* (2011) 200 Cal.App.4th 53, 56 & fn. 2.) Molina sued the City in federal court for wrongful termination in violation of his constitutional right to freedom of speech. (*Id.* at p. 56, fn. 2.) The parties settled the case with the City paying Molina $875,000 for wrongful termination.

Thereafter, Molina was elected the City's treasurer. The City is a general law city. Its elected treasurer is governed by the Government Code and local ordinances permitted by the Government Code.

The City then drafted a series of ordinances that drastically reduced Molina's duties and compensation. The City argues it may do so through a labor-intensive analysis of Government Code sections. The trial court ruled that the City's motivation for its actions is strictly a matter of statutory construction. In other circumstances this could be a reasonable analytic approach. Here, we disagree with this conclusion. The City's actions drastically reduced the duties of the elected treasurer. A city

___

[1] All statutory references are to the Government Code unless otherwise indicated.

treasurer deprived of the office's duties is tantamount to no treasurer. The City may not through legerdemain un-elect the office of city treasurer and defeat the choice of the voters.

We offer our analysis of the trial reasoning for possible review.

## FACTS

The City has an elected treasurer (§ 36502). Molina was first elected treasurer in 2016 for a four-year term beginning January 1, 2017. When Molina began his first term, the treasurer's office had 19 full-time employees and an annual budget of approximately $3 million.

In October 2019, the City placed Molina on administrative leave. The City then passed a series of resolutions or ordinances to remove administrative duties from the treasurer and place them elsewhere. Having eliminated the treasurer's administrative duties, the City defunded the treasurer's office, shifted Molina's 19-member staff to a newly created department of billing and licensing and reduced his salary from a range of $114,656.88 to $157,652.98 to a fixed $20,412.08, the same salary as City council members receive. In spite of the City's actions, Molina was reelected to a four year term as treasurer in 2020.

### *Procedure*

In January 2022, Molina filed a petition for a writ of mandate challenging the City's resolutions removing his administrative duties and reducing his salary. Molina claimed the resolutions violate statutes governing the duties of the treasurer. Molina challenges the resolutions removing his administrative duties. His challenge to the resolution reducing his salary is as applied. The trial court concluded there is no

3

conflict between the resolutions and the governing statutes and denied Molina's petition.

DISCUSSION

*I. Standard of Review*

In traditional mandate (Code Civ. Proc., § 1085), the trial court determines whether the agency's decision was arbitrary, capricious, lacking in evidentiary support, contrary to public policy, unlawful, or procedurally unfair. (*Nowicki v. Contra Costa County Employees' Retirement Assn.* (2021) 67 Cal.App.5th 736, 746.) Our review applies the same standard as the trial court. (*Ibid.*) We independently review legal issues, and to the extent there are disputed questions of fact, we apply the substantial evidence standard. (*Ibid.*)

A facial challenge to a statute or ordinance considers only the text of the measure itself. (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1084.) A challenge to a statute or ordinance as applied is a challenge to the validity of a measure to an individual or class of individuals. (*Ibid.*) Thus, because a facial challenge presents only a question of law, our review is de novo. To the extent a challenge as applied involves issues of disputed facts, we apply the substantial evidence standard to the determination of facts. The party challenging the statute or ordinance has the burden of proving the measure is invalid. (*Building Industry Assn. of Bay Area v. City of San Ramon* (2016) 4 Cal.App.5th 62, 90.)

*II. Background*

Cities are classified as "general law cities" – cities organized under general law of California – or "charter cities" – cities organized under a charter. (*City of Orange v. San Diego County Employees Retirement Assn.* (2002) 103 Cal.App.4th 45,

4

52.) The City is a general law city. The powers of a general law city are only those powers expressly conferred upon it by the Legislature, and such powers as are necessarily incident to those expressly granted or essential to the declared object and purposes of the municipal corporation. (*Ibid.*) The powers of a city are strictly construed so that any reasonable doubt concerning the exercise of a power is resolved against the corporation. (*Ibid.*) A local ordinance in conflict with state law is void. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 747.)

### III. Conflict With State Law

#### (a)

Molina contends the ordinance transferring the power to collect license fees to the assistant city treasurer conflicts with section 41005. Section 41005 provides: "The City treasurer shall perform duties relative to the collection of city taxes and license fees as are prescribed by ordinance."

The City argues section 41005 gives it the power to prescribe the treasurer's duties by ordinance. In other words, the City reads the phrase "as are prescribed by ordinance" to modifying duties. Molina argues "as are prescribed by ordinance" modifies "city taxes and license fees," but not "duties."

Molina relies on "the last antecedent" rule of construction: qualifying words or phrases are applied to the words or phrases immediately preceding, and not to others more remote. (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680.) But as beneficial as rules of construction can be, they are not rules of law. They do not dictate a result when another, more reasonable, interpretation can be made.

The City points out that all city taxes and license fees are prescribed by ordinance. Molina points to none that are not

5

prescribed by ordinance. Thus "as are prescribed by ordinance" is surplusage if it modifies the City's taxes and license fees. We avoid construction that makes some words surplusage. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1978) 43 Cal.3d 1379, 1387.) But the City's argument simply substitutes its rule of construction for Molina's rule of construction.

The trial court concluded Molina's interpretation of section 41005, that only the treasurer can collect city taxes and license fees, conflicts with section 41007. Section 41007 provides: "The chief of police shall perform any license fee and tax collection services prescribed by ordinance."

Molina does not contend that only the treasurer can collect city taxes and fees. Molina concedes that the chief of police can also collect taxes and fees. He points out that the assistant city treasurer, in whom the ordinance places that power, is neither the treasurer nor the chief of police.

The best guide to the meaning of section 41005 is its words. It does *not* say "the city treasurer shall perform duties . . . *unless* otherwise prescribed by ordinance." It simply says, the duties relative to the collection of taxes and fees prescribed by the ordinance shall be performed by the treasurer. Nothing in section 41005 authorizes an ordinance transferring duties relative to the collection of taxes and fees to the assistant treasurer. Suffice it to note that the duty to collect taxes may be transferred by the ordinance to the chief of police does not authorize these duties to be transferred to the assistant treasurer.

The City relies on section 34004, but it is of no help to the City. It provides, in part: "Where any duty is imposed upon a municipal officer by any law of this State or any rule or

6

regulation adopted under the authority of any such law the governing body of a city may, by ordinance, impose such duty or a portion thereof upon such other officer of such city as is charged under the charter of that city, or by applicable general law with the performance of duties of the same character in that city."

Under section 34004, a duty imposed on a municipal officer may only be transferred to another officer of the city who it "charged by applicable general law" with "duties of the same character." An assistant treasurer is not charged by applicable general law with any duty of the same character as license fee and tax collection. If anything, section 34004 supports Molina's position that the duties of the treasurer may not be transferred to the assistant treasurer.

(b)

Moving from license fees to warrants, Molina contends the City's ordinance transferring the treasurer's duty under section 41003 to the assistant treasurer is invalid.

Section 41003 provides: "The city treasurer shall payout money only on warrants signed by legally designated persons." The City transferred that duty of the same character to the assistant treasurer pursuant to section 34004.

Section 34004 allows a transfer of duties to another officer of a city "as is charged . . . by applicable general law with the performance of duties of the same character in that city." The assistant treasurer is not charged with any duties of the same character by the applicable general law. Although it may seem reasonable to assume otherwise, these are the words of the statute.

But section 53910 provides, in part: "In addition to any other provision of law for the issuance and payment of warrants

7

of any county, city and county, city, district, or other political subdivision of the state, the governing body thereof, or, in the case of school districts not issuing their own warrants, the governing body of the appropriate issuing officer, may by resolution authorize practices with respect to form, issuance, delivery, endorsement and payment of warrants it deems convenient, efficient and in the public interest . . . ."

The phrase in section 53910, "[i]n addition to any other provision of law for the issuance and payments of warrants," necessarily applies to section 41003. Arguably section 53910 allows the City to establish its own procedure for the payment of warrants. That would include transferring the duties provided in section 41003 to the assistant treasurer.

Molina points out section 53910 is not limited to cities. Molina argues that if the Legislature intended section 53910 to trump section 41003, it either would have used "notwithstanding" or amended section 41003.

But section 53910 by its terms applies to cities. By stating section 53910 applies "[i]n addition to any other provision of law," the Legislature showed its intent that the section should apply globally, including to section 41003. The Legislature was not required to use the term "notwithstanding" or expressly amend section 41003.

(c)

Molina contends the portion of the ordinance transferring his duties under section 41004 to the director of finance is invalid.

Section 41004 provides: "Regularly, at least once each month, the city treasurer shall submit to the city clerk a written report and accounting of all receipts, disbursements, and fund

8

balances.  The city treasurer shall file a copy with the legislative body."

Section 41004 places the duty to provide a written report and accounting on the treasurer, not the director of finance. Again the City relies on section 34004 authorizing a transfer of the treasurer's duties.  But section 34004 allows a transfer of duties only to an officer "charged by applicable . . . general law" with duties of the same character.  The City points to no applicable general law that charges the director of finance with duties of the same character as the treasurer's separating duty under section 41004.

The City's reliance on sections 40802 and 40805.5 is of no avail.  Section 40802 provides:  "The city clerk is the accounting officer of the city and shall maintain records readily reflecting the financial condition of the city."

Section 40805.5 provides:  "The financial and accounting duties imposed upon the city clerk by Sections 40802 through 40805 may be transferred to a director of finance when such office has been established and the powers and duties thereof defined by ordinance."

As Molina points out, neither section 40802 nor section 40805.5 have a reporting requirement.  A report on the City finances by a treasurer who is directly answerable to the voters is not the same as a report by the director of finance who is answerable to other city officials.  The treasurer is independent and can provide a check on other city officials, including the City counsel and the director of finance.

(d)

Molina contends the portion of the City's ordinance removing the treasurer from those authorized to sign warrants

9

and other financial instruments conflicts with his statutory duties to receive and safely keep all monies the treasurer receives (§ 41001), to comply with all laws governing the deposit and securing of public funds and the handling of trust funds (§ 41002, subd. (a)) and pay out money only on warrants signed by legally designated persons (§ 41003).

But none of the statutes on which Molina relies provide that the treasurer must be one of the persons legally designated to sign warrants and financial instruments.  Section 37203 provides:  "Upon allowing a demand or approving a register of audited demands, the mayor shall draw a warrant or warrants upon the city treasurer specifying the purpose for which drawn and the fund from which payment is to be made.  The city clerk shall countersign the warrant.  The legislative body, by ordinance or resolution, may prescribe an alternative method of drawing warrants and checks."

Section 37203 provides that the mayor shall draw the warrant and the city clerk shall countersign the warrant.  Nothing in the section requires the treasurer to sign the warrant.  The section expressly authorizes the city's legislative body to designate the persons who can sign warrants and checks.

(e)

Molina contends that a portion of the City's ordinance deleting a list of the treasurer's duties the City designates as administrative conflicts with state law.  But an ordinance that simply deletes a list of duties may not conflict with state law.

The duties mandated by state law remain notwithstanding their deletion by the ordinance.  For example, one of the duties deleted by the ordinance is to "[p]erform such duties relative to the collection of City taxes and license fees as are prescribed by

10

ordinance." That is a duty mandated by section 41005. The deletion of that duty by ordinance does not nullify the statutory duty to collect city taxes and license fees.

DISPOSITION

The Government Code calls for an elected treasurer. Molina was duly elected. The ordinances as a whole have the intent and effect of removing Molina from his office. For this reason, we reverse. All the challenged ordinances are void and Molina's duties as treasurer are restored. Molina's salary is restored to its previous compensation, including restoration of compensation withheld pending resolution of this case.

The judgment is reversed. Costs on appeal are awarded to appellant.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.


We concur:


YEGAN, J.


BALTODANO, J.


11

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

     Norman Dowler and Michael G. Walker for Plaintiff and Appellant.

     Kenneth Rozell, Chief Assistant City Attorney and Jennie M. Kelly, Assistant City Attorney; Richards, Watson & Gershon and T. Peter Pierce for Defendants and Respondents.