[No. E047532. Fourth Dist., Div. Two. May 17, 2010.]

HAROLD GUINN et al., Plaintiffs and Appellants, v.
COUNTY OF SAN BERNARDINO et al., Defendants and Respondents.

## Counsel

Silver, Hadden, Silver, Wexler + Levine, Richard A. Levine and Stephen H. Silver for Plaintiffs and Appellants.

Ruth E. Stringer, County Counsel, and Carol A. Greene, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**McKINSTER, Acting P. J.—**

## INTRODUCTION

Plaintiffs Harold Guinn and the San Bernardino County Safety Employees' Benefit Association appeal a judgment denying their petition for writ of mandate and complaint for declaratory relief. In their petition, they alleged that Guinn, who is a sworn peace officer employed by the county's probation department and a public safety officer within the meaning of the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq.; hereafter sometimes referred to as the Act), was entitled to an administrative appeal to contest his demotion from a supervisory position during a "promotional" probationary period.[1] In the alternative, they sought declaratory relief as to the parties' rights and responsibilities under the Act. The trial court denied the petition and the complaint for declaratory relief, and judgment was entered for the county.

The principal issue raised in this appeal is whether Government Code section 3304, subdivision (b) (hereafter section 3304(b); all further statutory citations refer to the Gov. Code unless another code is specified) mandates an administrative hearing under the circumstances of this case. We conclude that it does not. Accordingly, we affirm the judgment denying the petition for writ of mandate. However, we will reverse the judgment denying the request for declaratory relief.

## FACTS

The following facts appear to be undisputed: Guinn, a permanent employee employed as a probation corrections officer, had been promoted to a probation supervisor in May 2005, subject to a nine-month period of probation, as provided for in the county's personnel rules applicable to his position. His probationary period was extended by three months following unsatisfactory performance reviews. In May 2006, his probation was terminated and he was demoted to his previous position because of unsatisfactory performance in the supervisory position. Guinn was never offered any formal hearing.

---

[1] A probation officer is a peace officer and is a public safety officer within the meaning of the Act. (Pen. Code, § 830.5; Gov. Code, § 3301.)

LEGAL ANALYSIS

## SECTION 3304(b) DOES NOT MANDATE AN ADMINISTRATIVE APPEAL FOR A DENIAL OF PROMOTION BASED ON MERIT

■ Section 3304(b) provides, "No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency against any public safety officer *who has successfully completed the probationary period that may be required by his or her employing agency* without providing the public safety officer with an opportunity for administrative appeal." (§ 3304(b), italics added.) Plaintiffs contend that as used in section 3304(b), "the probationary period" refers solely to the probationary period imposed at the time of hiring, and does not refer to any probationary period imposed as a condition of promotion. They contend that because Guinn had successfully passed his initial probationary period, he was entitled to an administrative hearing upon what they refer to as his "demotion." They contend that any action which results in a "demotion" or a reduction in salary constitutes punitive action for purposes of section 3304(b). The county appears to accept this premise; it does not argue to the contrary. We conclude, however, that plaintiffs' premise is faulty: Guinn was not demoted; rather, he was denied promotion because his performance during his probationary period was unsatisfactory. Consequently, as we discuss below, he was not entitled to an administrative appeal.

■ This is a question of statutory interpretation, which we decide de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].) In interpreting statutes, we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law. (*People v. Loeun* (1997) 17 Cal.4th 1, 9 [69 Cal.Rptr.2d 776, 947 P.2d 1313].) Where statutory language is unambiguous, " 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citations.]" (*People v. Toney* (2004) 32 Cal.4th 228, 232 [8 Cal.Rptr.3d 577, 82 P.3d 778].) If the language does not clearly express the Legislature's intent, we must interpret the statutory language in the context of any statutory scheme of which it is a part. We must also construe similar statutes, "i.e., those in pari materia, to 'achieve a uniform and consistent legislative purpose.' [Citations.]" (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 200 [106 Cal.Rptr.2d 854].)

■ Denial of promotion is not a punitive action within the meaning of section 3304(b). That section provides that "[n]o punitive action, nor denial of promotion on grounds other than merit" may be undertaken without an administrative appeal. Section 3303 defines "punitive action" as "any action that may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment." Notably, denial of promotion on grounds related to merit is not included in that definition. In *Swift v. County of Placer* (1984) 153 Cal.App.3d 209 [200 Cal.Rptr. 181] (*Swift*), the court noted that in the State Civil Service Act (§ 18500 et seq.), "rejection during probation" is treated as a "discrete variety of personnel action" which is not punitive in nature. (*Swift*, at p. 216; see § 19173.) The State Civil Service Act is recognized as an analogous or parallel statutory scheme which is "particularly germane" to questions of interpretation of the Public Safety Officers Procedural Bill of Rights Act. (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 682 [183 Cal.Rptr. 520, 646 P.2d 191] (*White*); see *Swift*, at p. 217, fn. 7.) Accordingly, the court in *Swift* concluded that the absence of "rejection during probation" from the types of personnel actions listed as "punitive" in section 3303 "strongly suggests" that the right to an administrative appeal provided by section 3304(b) does not apply to a public safety officer who is rejected on grounds of merit during his or her initial probationary period. (*Swift*, at pp. 216–217.) We agree, and based on the same reasoning, we conclude that a denial of promotion which is based on merit, i.e., on the employee's poor performance on probation, is not a punitive action which requires a hearing.

■ Plaintiffs rely on *Henneberque v. City of Culver City* (1983) 147 Cal.App.3d 250 [194 Cal.Rptr. 869] (*Henneberque*), for the premise that returning a permanent employee to his previous position for inadequate performance during a promotional probationary period does constitute punitive action within the meaning of the Act. There, the court held that what it called a "demotion," with a concomitant reduction in pay, during a period of probation imposed as a condition of promotion (sometimes referred to as "promotional probation") is necessarily a punitive action. (*Henneberque*, at p. 254.) In reaching that conclusion, the court relied on *White, supra*, 31 Cal.3d 676. (*Henneberque*, at p. 254.) In *White*, however, the officer was not denied a promotion, or "demoted," during a period of promotional probation. Rather, the officer, a permanent, nonprobationary employee, was reassigned to a lower paying position on the basis of deficient performance. (*White*, at pp. 678–679.) The California Supreme Court held that a demotion in rank or a reduction in salary is per se a punitive action within the meaning of sections 3303 and 3304(b). (*White*, at pp. 683–684.) Because White was not on probation, however, the court did not address the question whether an administrative appeal is required when an employee is denied a promotion based on poor performance during the probationary period associated with the

promotion. A case is not authority except as to the points actually involved and actually decided. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 [71 Cal.Rptr.2d 830, 951 P.2d 399].) *White* is therefore not authority which supports the *Henneberque* court's conclusion that a denial of promotion based on poor performance is a punitive action.[2]

█ We also disagree with *Henneberque* that returning a permanent employee to his or her previous position as result of failure to perform adequately while on promotional probation constitutes a demotion. Rather, it constitutes a "rejection during promotion," as provided for in the State Civil Service Act. Section 19171 requires a period of probation when an employee enters the state civil service or is promoted within it. Section 19140.5 provides, in part, that a civil service employee who has achieved permanent status and is later "rejected during probation" cannot be terminated but must be returned to his or her previous position, assuming that several conditions apply. (See *Hulings v. State Dept. of Health Care Services* (2008) 159 Cal.App.4th 1114, 1120 [72 Cal.Rptr.3d 81].) Here, the county's personnel rules include a similar provision: "A promoted employee who has attained regular [i.e., permanent] status in another classification of County employment who does not successfully complete the probationary period in the promoted class shall be returned to the former department and classification or a comparable classification without right to review or appeal. Such return shall not be considered disciplinary action." (Personnel Rules, County of San Bernardino, rule VII, § 8.)[3] Thus, under both the State Civil Service Act and the county's personnel rules, an employee who is returned to his or her prior position during a period of promotional probation is not "demoted"; rather, if his or her performance during the probationary period is not satisfactory, the employee is denied the promotion. The fact that the employee also loses any pay increase that went along with the provisional promotion does not transform the denial of promotion into either a demotion or a punitive act within the meaning of section 3304(b). There is nothing in the Public Safety Officers Procedural Bill of Rights Act that compels a different conclusion.

---

[2] *Henneberque* also bases its conclusion that an administrative appeal was necessary on the fact that the officer received only satisfactory performance reviews while on promotional probation and that he was "demoted" for purportedly inadequate performance only after he was elected president of the Culver City Police Officers Association, the recognized employee organization pursuant to the Meyers-Milias-Brown Act. (§ 3500 et seq.) The court held that the officer was "also" entitled to a hearing because of alleged discrimination against him for exercise of his right to participate in the recognized employee organization. (*Henneberque, supra*, 147 Cal.App.3d at pp. 252, 254.)

[3] We take judicial notice of the county's personnel rules. (Evid. Code, §§ 452, subd. (b), 459, subd. (a).)

We next address plaintiffs' contention that as used in section 3304(b), "probation" is limited to probation upon initial hiring and does not apply to promotional probation.

■ First, contrary to plaintiffs' assertion, there is no linguistic reason that "the probationary period that may be required" by the employing agency does not apply equally to probation imposed upon the initial hiring of a public safety officer and to probation imposed as a condition of a promotion. (§ 3304(b).) Section 3304(b) refers to "the probationary period that may be required" by the employing agency. As discussed above, the county's personnel rules provide for a period of probation as a condition of promotion. Accordingly, with respect to Guinn, "the" period of probation in question is his promotional probation within the meaning of section 3304(b).

■ Second, again contrary to plaintiffs' contentions, permitting what they call a "demotion" during a promotional probationary period without affording the employee an administrative appeal neither frustrates the manifest purpose of the Act as a whole nor leads to absurd results. (See *California School Employees Assn. v. Governing Board* (1994) 8 Cal.4th 333, 340 [33 Cal.Rptr.2d 109, 878 P.2d 1321] [court can determine that literal meaning of a statute is so inconsistent with its purpose or with the statutory scheme of which it is a part that it would " 'frustrate[] the manifest purposes of the legislation as a whole or [lead] to absurd results' "].) The stated purpose of the Act is to maintain "stable employer-employee relations . . . between public safety employees and their employers" and thereby "assure that effective services are provided to all people of the state" by establishing statewide procedural rights for public safety officers. (§ 3301.) The procedural protections the Act provides serve to " 'balance the public interest in maintaining the efficiency and integrity' " of entities employing public safety officers " 'with the . . . officer's interest in receiving fair treatment.' [Citation.]" (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 320 [74 Cal.Rptr.3d 891, 180 P.3d 935].) This stated purpose is in no way frustrated by the imposition of a probationary period as a condition of a promotion or of a transfer to a new position. Nor is it frustrated by denial of an administrative appeal during any period of probation. Moreover, it is a long-established principle of public employment that because a probationary employee has no vested property interest in his or her employment, the employee has no due process right to a hearing prior to termination of the employment. (See *Lubey v. City and County of San Francisco* (1979) 98 Cal.App.3d 340, 345 [159 Cal.Rptr. 440]; *Swift, supra*, 153 Cal.App.3d at p. 216 & fn. 6.) Denial of a hearing upon rejection on probation, promotional or otherwise, is consistent with that principle. In the absence of any explicit distinction between employees who are on probation as new hires and employees who are on probation as a condition of promotion, we conclude that the Legislature intended section 3304(b) to apply to both classes of employees.

Plaintiffs request that we examine the legislative history of Senate Bill No. 2215 (1997–1998 Reg. Sess.) as amended March 26, 1998 (Senate Bill No. 2215), the 1998 bill that amended section 3304(b) to add the phrase "who has successfully completed the probationary period that may be required by his or her employing agency." Plaintiffs contend that at the time the amendment was enacted, existing case law held that a public safety officer who was involuntarily demoted during a promotional probationary period was entitled to an administrative appeal. They contend that because the Legislature is presumed to be aware of existing law, the Legislature's failure to refer to this existing law indicates that the Legislature did not intend to alter it.[4]

Plaintiffs rely on *Henneberque, supra,* 147 Cal.App.3d 250. They contend that at the time section 3304(b) was amended, *Henneberque* was precedent "guaranteeing the right to an administrative appeal in the case of a demotion during a *promotional* probationary period." They argue that if the Legislature had intended to eliminate that precedent, it would have mentioned *Henneberque* somewhere in its analysis of Senate Bill No. 2215 or would have "otherwise analyzed the context of promotional probationary appointments." Because the legislative history does not contain any discussion of *Henneberque*, they contend that the Legislature did not intend to overrule it.

Plaintiffs read too much into *Henneberque.* Although the case arose in the context of a promotional period of probation, the case does not turn on Henneberque's probationary status. At that time, section 3304(b) provided that no public safety officer could be subjected to any punitive action without an opportunity for an administrative appeal. Unlike the current version, it made no distinction between probationary employees and employees who had passed probation. Consequently, the issue before the court was not whether Henneberque's probationary status affected his right to an administrative appeal, but rather whether the so-called "demotion" was punitive. The court held that it was, because it resulted in a reduction in salary and benefits. (*Henneberque, supra,* 147 Cal.App.3d at p. 254.) Consequently, it is inaccurate to say that *Henneberque* "established" that public safety officers are entitled to administrative appeals upon demotion during a promotional period of probation. And, because *Henneberque* did not establish any such right, there is no reason that the Legislature would discuss *Henneberque* in deciding to declare that public safety officers are not entitled to administrative appeals of punitive actions taken during any probationary period. Accordingly, the absence of any such discussion in the legislative history does not support any inference as to the Legislature's intent.

---

[4] We take judicial notice of the legislative history materials pertaining to Senate Bill No. 2215 contained in the record on appeal. (Evid. Code, §§ 452, subd. (c), 459, subd. (a).)

The primary purpose of Senate Bill No. 2215 was to amend section 3304 to establish that police chiefs are entitled to administrative appeals upon termination, even if they serve at the "pleasure" of city officials and are terminable at will. (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 2215 (1997–1998 Reg. Sess.).) A secondary purpose was to clarify that no administrative appeal need be afforded to a probationary public safety officer. There is little discussion of this aspect of the legislation in the materials we have examined. The county contends that prior to the 1998 amendment, some courts held that section 3304(b) applied to probationary employees while others held that it did not. It contends that the 1998 amendment was intended to address this split in authority. Although this may be correct, the legislative history materials we have examined do not discuss such a split in authority. Nevertheless, it is clear that the Legislature determined that the right to an administrative appeal should not apply to probationary public safety officers as a matter of state law, although local entities which employ officers subject to the Act may of course afford greater protections. (See *Mays v. City of Los Angeles, supra*, 43 Cal.4th 313, 320 [Act is " 'catalogue of the minimum rights' " the Legislature deems necessary to secure stable employer-employee relations].) There is, however, nothing in the legislative history that indicates any intention to distinguish between newly hired public safety officers and public safety officers who are subject to a period of probation upon promotion.

### TRIAL COURT MUST ENTER JUDGMENT FOR DECLARATORY RELIEF WHICH IS CONSISTENT WITH THIS OPINION

In their complaint, plaintiffs sought a declaration that "public safety officers demoted from a probationary promotional position are entitled to an administrative appeal pursuant to California Government Code Section 3304(b)." The court denied declaratory relief and awarded judgment in favor of the county. Plaintiffs contend that because an actual controversy existed as to the rights and obligations of the parties pursuant to section 3304(b), the court was required to grant declaratory relief. We agree, although the relief granted will of course not be in plaintiffs' favor.

■ Code of Civil Procedure section 1060 provides: "Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a

determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought." Although the statute does not explicitly provide for it, declaratory relief may be sought to determine the construction of a statute where the parties " 'are in fundamental disagreement' " over the construction of the statute or where they dispute " 'whether a public entity has engaged in conduct or established policies in violation of applicable law.' " (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79 [124 Cal.Rptr.2d 519, 52 P.3d 695].)

Declaratory relief "is designed in large part as a practical means of resolving controversies, so that parties can conform their conduct to the law and prevent future litigation." (*Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 648 [88 Cal.Rptr.3d 859, 200 P.3d 295].) "The court may refuse to [grant declaratory relief] in any case where its declaration or determination is not necessary or proper at the time under all the circumstances" (Code Civ. Proc., § 1061), and its decision to entertain an action for declaratory relief is reviewable for abuse of discretion (*Meyer*, at p. 647). This discretion is not boundless, however: " 'Where . . . a case is properly before the trial court, under a complaint which is legally sufficient and sets forth facts and circumstances showing that a declaratory adjudication is entirely appropriate, the trial court may not properly refuse to assume jurisdiction . . . .' [Citation.]" (*Ibid.*)

Here, there was an actual controversy as to the meaning and application of section 3304(b). The court's denial of the petition for writ of mandate did not render declaratory relief unnecessary: Although the statement of decision makes it clear that the court denied the petition on its merits, the judgment does not. Consequently, the judgment denying the writ petition and dismissing the action does not have the effect of establishing the respective rights and duties of the parties pursuant to section 3304(b).

We will reverse the judgment to the extent that it denies the request for declaratory relief and dismisses the action, and direct the trial court to grant declaratory relief consistent with this opinion.

## DISPOSITION

The judgment denying the petition for writ of mandate is affirmed. The judgment denying the request for declaratory relief and dismissing the action is reversed. The trial court is directed to grant declaratory relief, stating the rights and obligations of the parties pursuant to Government Code section 3304, subdivision (b) as set forth in this opinion.

The parties are to bear their own costs on appeal.

Richli, J., and King, J., concurred.

Appellants' petition for review by the Supreme Court was denied September 1, 2010, S183891.