**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DESMOND CARTER,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>        Defendants - Appellees. | No. 12-55981<br><br>D.C. 2:11-cv-05543-MWF-SS.<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 7, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and COGAN, District Judge.[**]

    Plaintiff -Appellant Desmond Carter ("Carter") appeals from the district court's order of May 25, 2012, granting summary judgment to defendants. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

Carter was not deprived of a property interest when his position at the Los Angeles County Office of Public Safety ("OPS") was eliminated for economic reasons. Neither the L.A. County Civil Service Rules (the "Civil Service Rules") nor the Public Safety Officers' Procedural Bill of Rights Act, Cal. Gov. Code § 3300 *et seq*. (the "Bill of Rights Act"), gave Carter a property interest in continuing his employment after the L.A. County Board of Supervisors voted to eliminate OPS. See Am. Fed'n of State Emps. v. County of Los Angeles, 194 Cal. Rptr. 540, 546 (Ct. App. 1983). As for the Bill of Rights Act, layoffs are not included within its definition of "punitive action," see Cal. Gov. Code § 3303, and other provisions of California law "strongly suggest that the right to an administrative appeal [against punitive action under the Act] does not apply where police officers are laid off as part of a mass reduction in personnel due, for example, to budgetary constraints." White v. County of Sacramento, 646 P.2d 191, 195 n.4 (Cal. 1982). Moreover, even if Carter did have a property interest in his status as a permanent employee at OPS, the Board of Supervisors' legislative decision to eliminate OPS provided Carter with all the process he was due. See Rea v. Matteucci, 121 F.3d 483, 485 (9th Cir. 1997).

Carter similarly did not have a protected property interest in his continued employment at the Los Angeles Sheriff's Department ("LASD"). Carter was a probationary employee at LASD, and "[u]nder California law, a probationary civil

2

service employee ordinarily has no property interest in continued public employment and may be dismissed without a hearing or judicially cognizable good cause." McGraw v. City of Huntington Beach, 882 F.2d 384, 389 (9th Cir. 1989) (emphasis omitted).

Although "even a probationary employee could have a reasonable expectation of continued employment," id. at 390 (internal quotation marks omitted), Carter identifies no state law that provides a restriction on a probationer's discharge. The hearing and appeals provisions of the Bill of Rights Act, by their terms, apply only to officers that have completed their probationary period. See Cal. Gov. Code § 3304(b). This language concerning the probationary period was added by the state legislature in a 1998 amendment to the Bill of Rights Act, see Guinn v. County of San Bernardino, 109 Cal. Rptr. 3d 667, 674 (Ct. App. 2010), and thus Carter's reliance on cases predating this amendment is misplaced.

Carter's claim that his termination deprived him of a liberty interest presents a closer question. A liberty interest may also be infringed where an individual's dismissal "effectively precludes future work in the individual's chosen profession." Braswell v. Shoreline Fire Dep't, 622 F.3d 1099, 1102-03 (9th Cir. 2010); see also Portman v. County of Santa Clara, 995 F.2d 898, 908 (9th Cir. 1993). As the district court noted, Carter's opposition to summary judgment below rested on the "bare conclusion – unsupported by law or fact – that the discharge in this case

3

'would . . . be fatally preclusive to his ability to obtain peace officer employment.'" (ER 6.) This conclusion was correct. As factual support for his argument that his "reputation has been damaged in the law enforcement community to the point that he has been unable to secure any work in this profession," Carter cites only to his own conclusory assertions at his deposition and in his declaration. And although Carter stated in his deposition that despite his best efforts to secure employment, he has been unable to get any job interviews, he also conceded that he has not made any effort to secure a job in law enforcement. (ER 310-312.)

Where a plaintiff fails to present evidence that he is actually precluded from future employment in his chosen profession, summary judgment is appropriate. See Merritt v. Mackey, 827 F.2d 1368, 1373 (9th Cir. 1987); Bollow v. Fed. Reserve Bank of San Francisco, 650 F.2d 1093, 1101 (9th Cir. 1981).

We have considered Carter's remaining arguments and find them meritless.

**AFFIRMED.**