

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK LEONARD, an individual and STEVEN BARRETT, an individual, | No. 14-56796 |
| Plaintiffs-Appellants, | D.C. No. 2:13-cv-05867-GW-AJW |
| v. | |
| CITY OF LOS ANGELES, a Municipal Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 21, 2016**
Pasadena, California

Before: TALLMAN, PARKER,*** and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Patrick Leonard and Steven Barrett (Plaintiffs) are firefighters who sued their employer, the City of Los Angeles, after they failed a psychological exam and were transferred out of the Arson Counter Terrorism Section of the Los Angeles Fire Department (Arson). Leonard and Barrett brought procedural due process claims against the City under 42 U.S.C. § 1983, alleging violations of property and liberty interests, as well as state claims under the California Peace Officer and Firefighter Procedural Bill of Rights Acts (POBRA and FFBOR). The district court granted summary judgment to the City on all claims, so we have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, and construing all facts in the light most favorable to Plaintiffs, *see Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), we affirm.

1. Plaintiffs' property interest claim fails because Plaintiffs do not have a protected property interest in their assignment to Arson. We have held that individuals do not have a property interest in a promotion where the promotion is contingent on meeting certain requirements. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871–73 (9th Cir. 1998). Here, Plaintiffs did not meet one of the statutory requirements for an assignment as an investigator with peace officer powers—passing a psychological exam—so they had no vested rights in their Arson assignment. *See id.* Plaintiffs concede that passing this exam was

2

advertised as a requirement for the assignment, that they were told by superiors they would have to pass the exam to stay in Arson, and that the exam was also a statutory requirement. Thus, the district court properly granted summary judgment on Plaintiffs' property interest claim.

2. Plaintiffs' liberty interest claim fails for lack of publication. To succeed on a liberty interest claim, Plaintiffs must show that the City disseminated stigmatizing information about them. *See Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1130–31 (9th Cir. 2001). We agree with the district court that there is no evidence that the City disseminated information about Plaintiffs' psychological disqualifications. The five pages of deposition testimony cited by Plaintiffs as evidence of publication are insufficient because (1) this evidence is not part of the record on appeal, *see Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1078 (9th Cir. 1988), and (2) even if we could consider these pages, they provide nothing more than inadmissible rumors and speculation.

3. Plaintiffs' POBRA/FFBOR claims also fail because Plaintiffs were not subject to punitive action. *See* Cal. Gov't Code §§ 3254(b), 3304(b). An officer/firefighter is not subject to punitive action by being denied a promotion based on merit during a probationary period, even if the denial leads to a decrease in pay. *Guinn v. Cty. of San Bernardino*, 184 Cal. App. 4th 941, 945–47 (2010).

Plaintiffs neither completed their probationary period nor met all of the requirements for an Arson assignment. Thus, they were not subject to punitive action when they were transferred out of Arson to other positions within the fire department. *See id.*

In light of our disposition, we need not reach the question of whether the procedures offered to Plaintiffs to contest their transfer were constitutionally adequate.

Each party shall bear its own costs on appeal.

**AFFIRMED.**