NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORNELIUS OLUSEYI OGUNSALU, | No. 16-55624 |
| Plaintiff-Appellant, | D.C. No. 15-cv-02203-H-BGS |
| v. | |
| SAN DIEGO UNIFIED SCHOOL DISTRICT, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn Huff, District Judge, Presiding

Submitted January 9, 2019**
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and ROBRENO,*** District
Judge.

Appellant Cornelius Oluseyi Ogunsalu ("Ogunsalu") appeals the dismissal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

with prejudice of his Second Amended Complaint. Ogunsalu argues that his federal law claims were improperly dismissed with prejudice. He also argues that the district court improperly declined to hear his state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court properly granted Defendants' motion to dismiss Ogunsalu's federal claims with prejudice and his state law claims without prejudice pursuant to 28 U.S.C. § 1367(c). As the district court correctly observed, "dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (internal quotation marks and brackets omitted).

1.      <u>Title VII Claims.</u> For claims for violations of Title VII of the Civil Rights Act, a litigant must file suit within 90 days of the date the Equal Employment Opportunity Commission ("EEOC") dismisses the claim. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007). On April 7, 2015, the EEOC dismissed Ogunsalu's complaint and notified him that he was required to file any lawsuit based on the same charge within 90 days. Ogunsalu filed this lawsuit on October 7, 2015 (183 days after the EEOC's dismissal). Therefore, the Title VII claims were time-barred. Nor could Ogunsalu revive his right to sue by filing a second EEOC complaint. *See Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1110 (9th Cir. 2018) (noting that the purpose of the 90-day

2

statute of limitations is to require diligent prosecution of known claims); *Mahroom v. Def. Language Inst.*, 732 F.2d 1439, 1440–41 (9th Cir. 1984) (per curiam) (holding that issuance of a second right-to-sue letter based on the same conduct is of no effect).

Additionally, Ogunsalu's argument that his arrest and criminal prosecution tolled the 90 days fails for two reasons: (1) he did not raise this argument in the district court, and (2) he was released on bail months before he filed the first EEOC charge. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) (discussing that arguments not raised before the district court are waived); *Boag v. Chief of Police, City of Portland*, 669 F.2d 587, 589 (9th Cir. 1982) (per curiam) (discussing that while imprisonment may toll the statute of limitations, such tolling ceases upon parole or release from custody).

Finally, we reject Ogunsalu's argument, raised only in his reply brief, that he can overcome the statute of limitations because Defendants engaged in allegedly continuous violations of his constitutional rights. Ogunsalu explains neither which actions by Defendants constitute continuous violations nor how Defendants' actions constitute continuous violations.

2.      <u>Section 1983 Claims.</u> The *Heck* doctrine bars recovery under 42 U.S.C. § 1983 if a plaintiff cannot "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Lyall v. City of Los Angeles*, 807 F.3d 1178, 1190 (9th Cir. 2015).

Ogunsalu's claims for violations of the Fourth Amendment relating to his arrest and prosecution are barred by the *Heck* doctrine because he was arrested pursuant to an arrest warrant and then convicted, and neither the arrest warrant nor the conviction has been reversed or called into question. Additionally, the Fourth Amendment claims were appropriately dismissed with prejudice because Ogunsalu's criminal appeal has been denied.

Ogunsalu's claims for unconstitutional violations of the First Amendment flowing from his arrest and conviction are also barred by the *Heck* doctrine. Additionally, Ogunsalu's claims for First Amendment retaliation flowing from communications that did not lead to his arrest and conviction were properly dismissed with prejudice because his speech was not protected as it did not relate to a public concern. *Desrochers v. City of San Bernardino*, 572 F.3d 703, 708–09 (9th Cir. 2009).

We also affirm the district court's dismissal of Ogunsalu's Fourteenth Amendment claims because he had no property interest in his continued employment as a probationary employee. *See Nunez v. City of Los Angeles*, 147

4

F.3d 867, 871 (9th Cir. 1998) (discussing that a due process claim requires that the plaintiff show a deprivation of life, liberty, or property by the government); *Guinn v. County of San Bernardino,* 109 Cal. Rptr. 3d 667, 673 (Ct. App. 2010) (discussing that California probationary employees do not have a property interest in their employment).

      3.    <u>State Law Claims.</u> A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed "all claims over which it has original jurisdiction." *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (quoting 28 U.S.C. § 1367(c)(3)). As such is the case here, we affirm the district court's decision to decline supplemental jurisdiction over Ogunsalu's state law claims.

      **AFFIRMED.**