Filed 6/14/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THOMAS L. CONGER, | B288575 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS165737) |
| v. | |
| COUNTY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles, Amy D. Hogue, Judge. Affirmed.

Hayes, Ortega & Sanchez, Dennis J. Hayes and Tracy J. Jones for Plaintiff and Appellant.

Hausman & Sosa, Jeffrey M. Hausman and Larry D. Stratton for Defendants and Respondents.

————————————

The Los Angeles County Sheriff's Department (the Department) rescinded appellant Thomas L. Conger's probationary promotion to lieutenant based on investigatory findings that Conger had failed to report a use of force several months before the Department promoted him to the probationary position. After unsuccessfully pursuing administrative remedies, Conger filed a petition for a writ of mandate in the trial court claiming that rescinding his promotion based on alleged conduct occurring before he was elevated to his probationary position constituted a demotion or a "denial of promotion on grounds other than merit," thus entitling him to an administrative appeal under Government Code[1] section 3304, subdivision (b), a provision of the Public Safety Officers Procedural Bill of Rights Act (POBRA) (§ 3300 et seq.). Conger requested that the trial court issue an order directing the County of Los Angeles (the County), as well as its Civil Service Commission, Board of Supervisors, and Chief Executive Officer (collectively, respondents) to provide him that administrative appeal.

The trial court denied the petition, ruling that the Department properly could consider Conger's pre-probationary conduct in rescinding his probationary promotion, and that the decision to rescind the promotion based on Conger's failure to report a use of force was merit-based.

We agree with the trial court that the Department's decision to deny Conger a promotion was merit-based. We further conclude that Conger has failed to show that the written evaluation detailing his unreported use of force will impact his

---

[1] Further unspecified statutory citations are to the Government Code.

2

career adversely in the future apart from the loss of his probationary position.  Accordingly, we affirm the judgment.

## BACKGROUND

Conger is a sergeant in the Department.  On November 1, 2015, the Department promoted Conger to the rank of lieutenant, a position subject to a six-month probation period.

On April 18, 2016, the Department informed Conger he was under investigation for events occurring on May 21, 2015, when he was still a sergeant.  Several days later, the Department relieved Conger of duty and placed him on administrative leave.  On April 29, 2016, the Department served Conger with a letter extending his probationary period indefinitely "due to [his] Relieved of Duty status."

On May 20, 2016, the Department served Conger with a letter notifying him that he was "released from [his] probationary position of Lieutenant."  The letter stated the action was "based upon the Unsatisfactory 'Report on Probationer,' which references your failure to adhere to Department policies regarding a use of force and/or reporting the use of force."  The letter cited an "Internal Affairs Investigation."

The Department provided Conger with the "Report on Probationer" referenced in the letter that attached a "Performance Evaluation."  (Boldface and some capitalization omitted.)  The report listed the evaluation period as November 1, 2015 to May 20, 2016.  The evaluation described a "use of force incident" on May 21, 2015, several months before the listed evaluation period, in which Conger and two deputy sheriffs

3

moved a resisting inmate from one cell into an adjacent cell.[2] The evaluation stated that "[t]he investigation revealed Lieutenant Conger failed to report a use of force by himself and two of his subordinates. He also failed to document the incident and did not direct his subordinates who used or witnessed force to write the required memorandum. Lieutenant Conger also failed to adhere to policy by completing the required use of force report."

The evaluation concluded, "As a probationary employee, this is the time to demonstrate the ability to adhere to policies, good judgment and professionalism. Based on this incident, Lieutenant Conger does not meet the standards for the position of Lieutenant." The evaluation "recommend[ed] that Lieutenant Conger be released from his probationary lieutenant position and be demoted to his previous rank of sergeant."

Conger filed a written appeal with the County's human resources office, arguing that it was improper for the Department to release him from a probationary position based on events occurring prior to the probationary period. The County denied the appeal, finding that the Department "expected [Conger] to have abided by the Use of Force Policy when [it] made the decision to appoint him to Lieutenant. Had the Department been aware of Sergeant Conger's violation of the Use of Force Policy, [it] would not have promoted him to the position of Lieutenant."

Conger also filed a request for a hearing pursuant to section 3304, subdivision (b) with the County's Civil Service

---

[2] Our characterization of the alleged incident is for purposes of this appeal only and does not constitute a finding on the merits.

4

Commission.  The Civil Service Commission denied the hearing request.

Conger then filed a petition for a writ of mandate in the trial court.  He argued that releasing him from his probationary position based on alleged misconduct occurring before his promotion constituted a "denial of promotion on grounds other than merit" under section 3304, subdivision (b), thus entitling him to an administrative appeal hearing.  Conger requested a declaratory judgment that respondents violated section 3304, subdivision (b) by failing to grant him a hearing, as well as an order directing respondents to provide that hearing.  Conger also requested reasonable attorney fees and civil penalties under section 3309.5 and Code of Civil Procedure section 1021.5.

Respondents opposed the petition, and filed a declaration from Chief Warren Asmus, the Department official who made the decision to return Conger to the rank of sergeant.  Asmus stated, "Lieutenants hold a high level supervisory position in the Department.  As such, good professional judgment is an important job requirement going to the merits of that position."  Asmus emphasized the importance of "the proper reporting of the use of force" and that supervisory personnel must be "sensitive to these issues, to ensure the proper functioning of the Department, the accurate reporting of such incidents, the safety of personnel and the public, and also for purposes of avoiding liability."

The trial court denied Conger's writ petition.  The trial court ruled that the term "merit" in section 3304, subdivision (b) was not "limited to the merits of an officer's performance during a probationary period," and thus the Department could deny Conger a promotion based on merit factors arising prior to that period.  The trial court found that

section 3304, subdivision (b) "carv[ed] out an exception to the requirement for administrative hearings for denials of promotions because they involve an opportunity to advance rather than an imposition of a penalty. Providing administrative hearings for every officer who is denied a promotion would require significantly greater time and resources."

In determining whether the Department had denied Conger's promotion on grounds other than merit, the trial court cited the County's Civil Service Rules, rule 25.01(a),[3] to define " 'non-merit factors' " as " 'those factors that relate exclusively to a personal or social characteristic or trait and are not substantially related to successful performance of the duties of the position.' " The trial court found "no evidence that the Department denied [Conger] a promotion based on any such personal or social characteristics or traits," and that the "grounds for denying [Conger] a promotion were clearly merit-based factors 'substantially related to successful performance of the duties of the position.' "

Conger timely appealed.

## STANDARD OF REVIEW

A writ of mandate under Code of Civil Procedure section 1085 " 'may be issued by any court . . . to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station.' " (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916.) To prevail, Conger must show respondents "ha[ve] a clear, present and ministerial duty" to

---

[3] Further unspecified rule citations are to the County's Civil Service Rules.

6

provide an administrative appeal under section 3304, subdivision (b). (See *ibid.*)

The parties agree the relevant facts are not in dispute and thus our review is de novo. (See *Skulason v. California Bureau of Real Estate* (2017) 14 Cal.App.5th 562, 567.)

## DISCUSSION

POBRA "codif[ies] 'a list of basic rights and protections which must be afforded all peace officers . . . by the public entities [that] employ them.' " (*Bacilio v. City of Los Angeles* (2018) 28 Cal.App.5th 717, 723, ellipses and second alteration in original.) POBRA's goal is "to assure the 'maintenance of stable employer–employee relations,' and thus to secure 'effective law enforcement . . . services' for 'all people of the state.' " (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 683 (*White*), ellipses in original.) The parties do not dispute that Conger is a "public safety officer" under POBRA. (See § 3301.)

Section 3304, subdivision (b) provides that "[n]o punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency against any public safety officer who has successfully completed the probationary period that may be required by his or her employing agency without providing the public safety officer with an opportunity for administrative appeal." "[P]unitive action" is defined as "any action that may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment." (§ 3303.)

POBRA does not specify the procedural requirements for the administrative appeal, but courts have held that public safety officers are entitled to " 'an evidentiary hearing before a neutral

7

fact finder.' " (*Morgado v. City and County of San Francisco* (2017) 13 Cal.App.5th 1, 7.)

The trial court concluded that Conger was ineligible for an administrative appeal because the Department denied him a promotion on merit-based grounds. (See § 3304, subd. (b) [officer may administratively appeal denial of promotion only if "on grounds other than merit"].) Respondents agree with that conclusion, but argue in the alternative that Conger had not yet "successfully completed the probation period" attendant to his promotion (*ibid.*), and therefore was ineligible for an administrative appeal on that basis as well. Because we conclude the trial court correctly determined that the Department denied Conger's promotion on merit-based grounds, we do not reach respondents' alternative argument.[4]

_____

[4] In 1998, two decades after POBRA's initial enactment, the Legislature amended section 3304, subdivision (b) to exclude officers who had not yet successfully completed their probationary period. (See Stats. 1998, ch. 786, § 1.) The language of the exclusion does not distinguish between probationary periods upon initial hiring and probationary periods attendant to promotions, and the only published authority to speak on the question has interpreted the exclusion to apply to both. (*Guinn v. County of San Bernardino* (2010) 184 Cal.App.4th 941, 948–950 (*Guinn*).)

This interpretation presents a conundrum in the case of denials of promotion. Presumably any officer denied a promotion will have yet to complete the probationary period attendant to that promotion, either because the employer released the officer from the position while the officer still was on probation or never placed the officer in the probationary position in the first place. Thus, assuming the probationary exclusion applies to officers denied a promotion, arguably no officer denied a promotion on

8

## A. The Department Denied Conger A Promotion

Conger in his briefing alternatively describes his release from his probationary position as a "denial of promotion" and a "demotion." The distinction matters: An employer may deny a promotion without triggering the appeal right under section 3304, subdivision (b) so long as the denial is based on merit. In contrast, a demotion, one of the listed punitive actions under section 3303, triggers the administrative appeal right regardless of whether it was based on merit or non-merit grounds. (See *White*, *supra*, 31 Cal.3d at p. 683 [under POBRA, demotion is "per se disciplinary in nature"].)

We conclude that the Department's decision to rescind Conger's probationary promotion and return him to his previous rank constituted a denial of promotion and not a demotion.

---

grounds other than merit ever could administratively appeal. This would seem to render meaningless section 3304, subdivision (b)'s protection for officers denied promotions on grounds other than merit.

On the other hand, to interpret the probationary exclusion *not* to apply to probationary periods attendant to promotions would dissolve any distinction between probationary and permanent promotions for purposes of section 3304, subdivision (b), thus depriving employers of the benefit of a probationary period in which they may evaluate promoted officers without risk that returning them to their previous positions might trigger an evidentiary hearing.

Given our holding, *post*, that in the instant case the Department denied Conger's promotion on merit grounds, we need not resolve this conundrum. We nonetheless note the issue, which the Legislature may wish to address with a clarifying amendment.

*Guinn* held that "returning a permanent employee to his or her previous position as [a] result of failure to perform adequately while on promotional probation" constituted a non-punitive denial of promotion, not a punitive demotion, even though there was a concomitant loss of rank and pay. (*Guinn*, *supra*, 184 Cal.App.4th at pp. 946–947.) *Guinn* relied on *Swift v. County of Placer* (1984) 153 Cal.App.3d 209 (*Swift*) and its analysis of " 'rejection during probation' " under the State Civil Service Act (§ 18500 et seq.). (*Guinn*, at p. 946.)

Swift noted that " 'rejection during probation' " was not listed as a " 'punitive action' " under section 3303 or "the comparable provision of the State Civil Service Act," which "strongly suggest[ed]" that rejection during probation was not punitive for purposes of triggering the administrative appeal right under section 3304, subdivision (b). (*Swift*, *supra*, 153 Cal.App.3d at pp. 216–217 & fn. 7.) Thus, *Swift* held that an officer dismissed during an initial probationary period had no right to an administrative appeal.[5] (*Ibid.*) *Guinn* found *Swift*'s reasoning equally applicable to officers returned to their prior rank during probationary periods attendant to promotions. (*Guinn*, *supra*, 184 Cal.App.4th at p. 946.)

Conger argues that *Guinn* is distinguishable because in that case the officer lost his promotion based on "poor performance during probation," whereas Conger's purported misconduct occurred before he was on probation. (Italics

---

[5] The version of section 3304, subdivision (b) in effect at the time of *Swift* did not contain the provision expressly excluding officers serving probationary periods from the right to an administrative appeal. (See former § 3304, subd. (b), enacted by Stats. 1976, ch. 465, § 1; see also fn. 4, *ante*.)

10

omitted.) In our view, however, *Guinn*'s distinction between demotion and denial of promotion does not depend on when the conduct underlying the adverse personnel action occurred. What matters is that, in both *Guinn* and the instant case, the adverse action took place during a period in which the promotion was not yet permanent, and the employer was still evaluating whether the officer deserved the higher position. As *Guinn* states, "[d]enial of a hearing upon rejection on probation" is consistent with the "long–established principle of public employment that because a probationary employee has no vested property interest in his or her employment, the employee has no due process right to a hearing prior to termination of the employment." (*Guinn*, *supra*, 184 Cal.App.4th at p. 948.)

Here, Conger had not completed his probationary period at the time the Department returned him to his previous rank, because the Department had extended the probationary period indefinitely pending investigation into the alleged unreported use of force. Conger does not dispute the Department's authority to extend his probationary period. Thus, Conger did not yet have a "vested property interest" in his promoted position. (*Guinn*, *supra*, 184 Cal.App.4th at p. 948.) Consistent with *Guinn*, therefore, Conger's rejection before he achieved permanent status constituted a denial of promotion rather than a demotion.[6]

---

[6] Because we conclude in Part B of our Discussion, *post*, that the Department denied Conger's promotion on merit-based grounds, we do not address whether an employee's probationary status would affect his or her right to administratively appeal a denial of promotion "on grounds other than merit." (§ 3304, subd. (b); see fn. 4, *ante*.)

11

Conger argues that *Henneberque v. City of Culver City* (1983) 147 Cal.App.3d 250 (*Henneberque*) supports his contention that he was demoted or otherwise subjected to punitive action entitling him to an administrative appeal. In *Henneberque*, a police department returned an officer serving as a probationary sergeant to his prior rank based on a purported "failure to exercise his supervisorial judgment" while on probation. (*Id.* at p. 252.) The officer sought an administrative appeal and reinstatement to the higher rank, claiming the department had discriminated against him because of "his position as president of the recognized employee organization." (*Ibid.*) Noting that the officer had "received no unfavorable evaluations while serving" in the probationary position, the Court of Appeal concluded the employer had "summarily demoted" the officer and reduced his salary and benefits, which constituted punitive action triggering the administrative appeal right under section 3304, subdivision (b). (*Henneberque*, at p. 254.) As an alternative ground, the court held the officer also was entitled to an administrative appeal because of the allegations of discrimination against him for participating in the employee organization. (*Id.* at p. 254.)

*Henneberque*, which predated the amendment to section 3304, subdivision (b) excluding probationary employees from the administrative appeal right (see fn. 4, *ante*), placed no weight in its analysis on the officer's probationary status. As discussed above, there is an important distinction between demoting an officer from a vested, permanent position and denying an officer permanent status in a position he or she holds only on a probational basis while being evaluated by his or her employer, a distinction *Henneberque* did not address.

*Henneberque* also did not consider whether the personnel action at issue in that case constituted a denial of promotion on merit grounds as opposed to a demotion, nor did the opinion indicate whether anyone raised that argument. Because *Henneberque* did not address the particular issues raised in this case, its holdings are not apt.

Conger cites other cases in which courts held or parties conceded that demotions or reductions in pay are punitive and trigger the administrative appeal right under section 3304, subdivision (b). (See *White*, *supra*, 31 Cal.3d at pp. 683–684; *Giuffre v. Sparks* (1999) 76 Cal.App.4th 1322, 1325, 1328 (*Giuffre*).) These cases did not involve probationary promotions, and are not instructive on that issue. (See *White*, at p. 678 [peace officer demoted from position held for approximately seven years]; *Giuffre*, at p. 1324 [peace officer removed from position held for 11 years].)

Conger notes that his evaluation form recommended that he "be demoted to his previous rank of sergeant." Conger cites no authority suggesting that an employer's characterization of a personnel action supersedes contrary statutory language or case law. Under *Guinn*, Conger's release from his probationary position constituted a denial of promotion for purposes of POBRA, regardless of the language used by the Department.

## B. The Department Denied Conger's Promotion On Merit-Based Grounds

We next address whether Conger's denial of promotion was "on grounds other than merit." (§ 3304, subd. (b).) POBRA does not define what constitutes "grounds other than merit." We thus give the statutory language its "plain and commonsense meaning." (*Coalition of Concerned Communities, Inc. v. City of*

13

*Los Angeles* (2004) 34 Cal.4th 733, 737.) We agree with the trial court that, at minimum, factors constituting merit include those " 'substantially related to successful performance of the duties of the position.' "**7** This is consistent with California's constitutional "merit principle," under which candidates for civil service positions are evaluated based on " " 'education, training and experience" ' " rather than factors unrelated to the job such as political favoritism. (*California Attorneys, etc. v. Schwarzenegger* (2009) 174 Cal.App.4th 424, 433–434; see Cal. Const., art. VII, § 1(b) ["In the civil service permanent appointment and promotion shall be made under a general system based on merit ascertained by competitive examination"].)

We further agree with the trial court that the Department's particular grounds for denying Conger's promotion were merit-based. Conger does not dispute Chief Asmus's declaration that lieutenants hold "high level supervisory positions in the Department." The ability to comply with department procedures and ensure subordinates follow those procedures is substantially related to successful performance in a supervisory position. Conger did not demonstrate competence as a supervisor when he

---

**7** The trial court borrowed this language from the County's Civil Service Rules, rule 25.01(A), which prohibits discrimination based on "non-merit" factors, defined as "factors that relate exclusively to a personal or social characteristic or trait and are not substantially related to successful performance of the duties of the position." While we agree with the trial court that the plain and commonsense definition of *merit*-based factors includes factors substantially related to successful performance of a position, we express no opinion as to whether the definition of *non*-merit factors in rule 25.01(A) applies for purposes of section 3304, subdivision (b).

14

failed to report a use of force per Department policy and failed to direct his subordinates to do so.

Conger argues that, even accepting the trial court's definition of "merit," he received no negative evaluations of his conduct during his time as a probationary lieutenant, thus indicating that he could successfully perform the duties of that position. He contends that denying him a promotion based on alleged conduct occurring outside the probationary period, as opposed to failure to perform adequately on probation, was a denial on grounds other than merit. We agree with the trial court, however, that "nothing in Section 3304(b) suggests that the term 'merits' should be limited to the merits of an officer's performance during a probationary period." An officer's ability to perform successfully in his or her current position is clearly relevant in assessing the officer's ability to perform successfully at a higher position; an officer's past job performance speaks to his or her "merit" as much as his or her performance on probation.

Conger's cited authority is unavailing. He analogizes to *Henneberque*, which, in holding that the officer was entitled to an administrative appeal, noted that the officer had not received any unfavorable evaluations while on probation. (*Henneberque*, *supra*, 147 Cal.App.3d at p. 254.) Conger also points to *Guinn*'s conclusion that poor performance on probation constitutes merit-based grounds to deny a promotion. (*Guinn*, *supra*, 184 Cal.App.4th at p. 946.)

*Henneberque*'s statement that the officer did not receive unfavorable evaluations on probation is confusing, because the opinion also states that the employer in that case claimed it returned the officer to his previous position based on "failure to

15

exercise his supervisorial judgment" while on probation. (*Henneberque*, *supra*, 147 Cal.App.3d at p. 252.) *Henneberque* also did not address a circumstance like the instant case in which an employee loses a promotion based on conduct outside the probationary period, and is not instructive on that question. Nor, as discussed previously, did *Henneberque* address what constitutes a denial of promotion on grounds other than merit, having concluded (incorrectly, in our view) that release from a probationary promotion constituted demotion rather than denial of promotion.

As for *Guinn*, although it concluded under the circumstances of that case that denial of promotion based on poor performance during probation constituted merit-based grounds, it did not address whether poor performance outside the probationary period also could constitute merit-based grounds. Thus, nothing in *Guinn* undercuts our conclusion.

Conger suggests that the Department's own policies limit the relevant period for evaluating his performance to the probationary period. He notes the stated evaluation period on his negative "Report on Probationer" corresponded to the probationary period, and cites Department documents he claims limit the scope of a probationary evaluation to the probationary period itself. To the extent Conger is claiming the Department did not abide by its own policies and procedures, that is beyond the scope of his writ request, which was based entirely on his rights under section 3304, subdivision (b). As discussed, nothing in that statutory section purports to limit what grounds constitute "merit" based on when those grounds arose. While Conger complains that the Department wrongly included allegations regarding his performance as a sergeant in an

16

evaluation of his performance as a probationary lieutenant, the Department's labeling of the documentation does not change the fact that the decision not to promote him was merit-based.

Conger contends the Department denied his promotion in order to discipline him without allowing him the opportunity for an administrative appeal. Even if this is so, section 3304, subdivision (b) expressly permits an employer to deny a promotion on merit grounds without triggering an administrative appeal, regardless of the employer's intent. While Conger denies that he failed to document a use of force, he does not dispute that the Department concluded otherwise and denied his promotion for that reason. As we have discussed, that reason was merit-based. Thus, under the language of the statute, Conger was not entitled to an administrative appeal even if the Department deliberately chose to deny his promotion as a substitute for punitive action.

## C. Conger Fails To Show That His Negative Probation Evaluation Could Lead To Future Adverse Consequences Beyond Denial Of His Probationary Promotion

Conger claims that he is entitled to an administrative appeal under section 3304, subdivision (b) not only because he lost his promotion, but also because his negative probation evaluation is now in his personnel file "and may be relied upon in future personnel decisions," including denying him future promotions. He cites cases holding that an officer's administrative appeal right under section 3304, subdivision (b) may be triggered by findings of misconduct that could affect an officer's career negatively in the future, even if they do not result in immediate discipline. We summarize them below.

17

In *Hopson v. City of Los Angeles* (1983) 139 Cal.App.3d 347 (*Hopson*), the Board of Police Commissioners, after an investigation and series of public hearings regarding a highly publicized police shooting incident, issued a public report finding that the officers had violated policies concerning the use of firearms and deadly force, even though the police department had found otherwise and imposed no discipline. (*Id.* at pp. 349–350.) The Court of Appeal concluded that the report constituted " 'punitive action' " under sections 3303 and 3304, subdivision (b), given the source of the report (i.e., the leaders of the police department), its contents, and the police chief's testimony that placing the report in the officers' files would have "ramifications for [their] career opportunities," including promotions and employment with other law enforcement agencies. (*Hopson*, at p. 352 & fn. 2.) Accordingly, the court held that the officers were entitled to an administrative appeal. (*Id.* at p. 354.)

Similarly, *Caloca v. County of San Diego* (1999) 72 Cal.App.4th 1209 (*Caloca*) held that sheriff's deputies were entitled to a hearing under section 3304, subdivision (b) to contest a citizen review board's findings of "serious misconduct," although the sheriff's department itself concluded there was no misconduct and imposed no discipline, because the findings would "be considered in future personnel decisions affecting [the deputies] and may lead to punitive action." (*Caloca*, at pp. 1220–1223.) The findings of misconduct involved, among other things, excessive force, illegal detentions, and attempts to cover up these acts of misconduct. (*Id.* at pp. 1215–1216.) The deputies provided an uncontested declaration from the head of the sheriff's department's human

18

resource services bureau stating that "the department's promotion process is extremely competitive, and a single blemish on a deputy's career can prevent him or her from advancing in the department." (*Id.* at p. 1220.) The declaration further stated that a report "sustaining findings of misconduct of a similar nature and severity" as those in the citizen review board's report "would be given consideration in personnel decisions and could have an 'adverse impact' on an officer's career." (*Id.* at pp. 1220–1221.) The Court of Appeal held that the declaration "constitutes evidence of punitive action for purposes of [POBRA]." (*Id.* at pp. 1222–1223.)

In *Otto v. Los Angeles Unified School Dist.* (2001) 89 Cal.App.4th 985 (*Otto*), an employer placed a memorandum in a school police officer's personnel file documenting a meeting in which the officer's supervisor warned him to use the police department's voice mail tracking system properly,[8] and that " 'continued failure to do so[ ] could lead to future disciplinary action.' " (*Id.* at p. 991.) The Court of Appeal held that the officer was entitled to an administrative appeal under section 3304, subdivision (b). (*Otto*, at p. 998.) The court noted the memorandum's express reference to future discipline, as well as declarations from veteran officers of the school district's police department and school police association stating that memoranda like the one placed in the officer's personnel file could be used for future personnel decisions including discipline and eligibility for promotions or transfer to specialized assignments. (*Id.* at pp. 992, 998.) Quoting *Caloca*, the court stated that "[i]t is

---

[8] School police officers used the voice mail tracking system to document when they left campus. (*Otto, supra,* 89 Cal.App.4th at p. 991.)

19

enough that the [memorandum] 'will be considered in future personnel decisions affecting [the officer] and may lead to punitive action.' " (*Otto*, at p. 998.)

To the extent *Hopson*, *Caloca*, and *Otto* may be read to suggest that personnel actions that could lead to future denials of promotion on merit grounds are punitive actions under POBRA, we respectfully disagree with them. "In order for an employment action to be considered punitive under section 3303, the negative employment consequence must be one specified in the statute." (*Los Angeles Police Protective League v. City of Los Angeles* (2014) 232 Cal.App.4th 136, 146 (*Los Angeles Police Protective League*).) "Denial of promotion" is not among the list of punitive actions under section 3303, and a denial of promotion on merit grounds does not trigger the administrative appeal right under section 3304, subdivision (b). Thus, the mere fact that a personnel action may lead to, or actually leads to, a denial of promotion on merit grounds does not transform it into a punitive action for purposes of POBRA. (See *Los Angeles Police Protective League*, at p. 145 [rejecting argument that transfer constituted punitive action because of potential "loss of promotional opportunities," when such loss was not included in list of punitive actions under section 3303].)

*Hopson*, *Caloca*, and *Otto* also are unavailing because Conger, unlike the peace officers in those cases, has not put forth any evidence that his negative evaluation will lead to punitive action or impact his career in the future. The negative evaluation itself does not recommend or refer to any consequences apart from the release of Conger from his probationary promotion on merit grounds, an action that expressly does not trigger the administrative appeal right under

20

section 3304, subdivision (b). Conger submitted no declarations other than from himself and his attorney, both of which are silent on the issue of future career impact. Conger cites a Department policy concerning probationary evaluations, but it merely states that evaluations are placed in an employee's "Unit file" with copies sent to "Personnel Administration," with no suggestion as to how the evaluation may be used in future personnel decisions. In the absence of evidence that the evaluation will affect Conger's career beyond losing his probationary position, *Hopson*, *Caloca*, and *Otto* are of no aid to Conger.[9] (See *Los Angeles Police Protective League, supra*, 232 Cal.App.4th at p. 146 [declining to apply *Hopson* and *Caloca* when appellants presented insufficient evidence that their "transfers would lead to adverse employment consequences"].)

At oral argument, Conger's counsel contended that no evidence of *potential* adverse impact was necessary because Conger *actually* lost a promotion. Again, however, section 3304, subdivision (b) expressly permits employers to deny promotions on merit grounds without triggering the right to an administrative appeal. *Hopson*, *Caloca*, and *Otto* cannot grant Conger a right purportedly under a statute that expressly denies him that right.

Conger argues that to deny him an administrative appeal is contrary to POBRA's purpose of ensuring "effective law enforcement" through "the maintenance of

---

[9] We note that, irrespective of any right to an administrative appeal, POBRA requires that employers notify officers of any adverse comments placed in their personnel files and permit them to attach a written response. (See §§ 3305, 3306.)

stable employer–employee relations." (§ 3301.) We do not think allowing employers to make merit-based promotion decisions without the burden of an evidentiary hearing thwarts this purpose. Regardless, the Legislature has made clear through its statutory language that an officer denied a promotion on merit grounds is not entitled to an administrative appeal, and policy arguments cannot override that language. (See *Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [courts look to "statute's purpose, legislative history, and public policy" only when the "statutory language permits more than one reasonable interpretation"].)

## D.     We Do Not Reach Conger's Request For Civil Penalties And Attorney Fees

Conger acknowledges we must only address his request for civil penalties and attorney fees under section 3309.5 and Code of Civil Procedure section 1021.5 if we reverse the trial court.[10] Given our holding, we do not reach the issue.

---

[10] Section 3309.5, subdivision (e) requires the trial court to award civil penalties and reasonable attorney fees upon a finding that an employer "maliciously violated any provision of [POBRA] with the intent to injure the public safety officer." Code of Civil Procedure section 1021.5 allows a trial court to award attorney fees "to a successful party . . . in any action which has resulted in the enforcement of an important right affecting the public interest," subject to certain requirements.

22

## DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.

CERTIFIED FOR PUBLICATION.

                                        BENDIX, J.


We concur:



        JOHNSON, Acting P. J.



        WEINGART, J.*

---

        *  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.